Battle, J.
 

 This was ap action of debt upon a bond,, brought in the court of pleas and quarter sessions, for the-county of Moore. Upon th® appearance of the defendant at January Term*
 
 1859, he
 
 craved!
 
 oyer-
 
 of the bond-and the suit was'continued'in. this condition until July Term, 1860, when' the defendant obtained a rule upon the plaintiff to give the-oyer demanded- of him;.
 
 “
 
 on or. before Thursday of the next term of the court or this cause-will stand dismissed.” At the-next term, the following entry appears, upon the record ;■ “ Judgment of nonsuit in this ease on Wednesday of this, term, from which- an appeal is prayed and granted to the Superior Court.” In that Court the cause was put upon the trial' docket at Spring term, 1861,. with tie- entry,. “ oyer craved' before pleading.” In this condition, the cause-was continued from term to term,, until Ball term of.’ 1862, when the record! shows that oyer was had. At the same term; it appears that the following judgment was rendered*, “ Motion by the defendant’s counsel to- dismiss the- appeal, on the ground, that the plaintiff had* no-right to-take-a-nonsuit after the rule was-granted at July Term; I860,, of the county court. Motion sustained and appeal dismissed by the court.” From this judgment an appeal was taken to the Supreme Court.
 

 The Superior Court erred, in- dismissing the appeal to it from the county court. This- error proceeded from a misapprehension of the nature of a- nonsuit. We suppose this may have been-so, because the counsel of the defendant con tends-here, that the plaintiffs had no right to take a nonsuit in the-County Court before they gave oyer of the bond, upon which, the suit was brought. Plaintiffs cannot, properly, be said to-
 
 *85
 

 'take
 
 a nonsuit at all. It is a judgment rendered against them, when they are demandable, for not appearing upon the demand for them. Thus in 5 Com. Dig. 548, it is -said that “ if the plaintiff does not appear at the day when he is demanda-dle, he shall be said to be nonsuited
 
 quia non, est prosequi^
 
 &c., Co. Lit. 138 b. And this may be -before the defendant’-s .appearance, or at the return of the writ,”
 
 Ibid,.
 
 “ So at the return of an assise, if the plaintiff is not ready to make plaint •on the demand of the tenant, he shall be nonsuited ; Salk 82. •“ Or a plaintiff may be .nonsuited -after .an appearance as at any day of-.continuance, for the plaintiff is then demandable .and is the -first agent; Go. Lit. 1-88, b.” These-extracts, taken •from the-highest authority known to the law on the subject of pleading, show that the judgment of nonsuit in the County •Court was perfectly regular. When the cause was reached on Wednesday of the‘October term of the.County Court, the plaintiffs were demandable, and the judgment of nonsuit, which was then rendered against them, .necessarily, imports that they were demanded by the defendant, and upon their not appearing, the judgment against them was given. From this judgment, they, of course, had a right to appeal, under the .provisions of the Bevised Code, chapter 4,. section 1.
 

 But, supposing there had been some irregularity -in the judgment of the County 'Court, we should hold that the‘defendant 'had, by his delay, waived his right to move to dismiss the appeal from the Superior Court. 'The latter court -certainly had .no right (to dismiss the appeal, because the rule in the county .court, had not been complied with. Every «court must enforce its own rules, made, incidentally, in the progress of a cause:; .upon an appeal, the higher court cannot -.notice such rules, whieh have been made in the inferior tribunal.
 

 Bes Cueiah, The j udgment of the Superior Court reversed.