PETER F. PESCUD *v.* P. B. HAWKINS.

A plaintiff may elect to be non-suited when the Judge intimates an opinion that the Court has no jurisdiction of the action, and when the defendant has moved to dismiss for want of jurisdiction.

(*McKesson* v. *Mendenhall,* 64 N. C. Rep. 502, cited and approved.)

CIVIL ACTION to recover an acceptance of one hundred and ninety-one dollars, tried at the Special (January) Term, 1874, of WAKE Superior Court, before his Honor, *Judge Tourgee.*

On the trial below the defendant moved to dismiss the action because the complaint does not set forth a cause of action within the jurisdiction of the Court.

The plaintiff moved to amend the summons and complaint by estimating the interest to the date of the summons, and incorporating that in the demand of the summons and complaint, which would make the amount more than $200. Motion

refused. Plaintiff then asked to be allowed to enter a judgment of non-suit, which was likewise disallowed.

His Honor granted the motion of the defendant to dismiss the action, and plaintiff appealed.

*Fowle* and *A. M. Lewis*, for plaintiff.
*Batchelor*, for defendant.

BYNUM, J. The defendant moved the Court to dismiss the action for want of jurisdiction in the Court. This was met by a counter-motion of the plaintiff to be allowed to take a non-suit. His Honor refused to non-suit and dismissed the action.

In this there was error.

A judgment dismissing an action is unknown at the common law, but is an ordinary judgment in equity proceedings, where before the cause is set down for hearing it is certainly not equivalent to a *retraxit* at law, or a *nolle prosequi* which ordinarily has the effect of a *retraxit*; Adams, 373. This term "dismissed" in law proceedings, has come into use by a provision in our statute. Rev. Code, ch. 31, sec. 38, which is dropped in the new system of practice established by the Code of Civil Procedure.

By the latter system of pleading the objection to the jurisdiction can now be taken only by answer or demurrer, the demurrer being either written or *ore tenus*. C. C. P., sec. 91, 99.

It may be that the proper construction of this new legal term "dismissed," which, as a law term, has no technical signification, would be to give it at law the same effect it has in equity, where it does not necessarily prevent the party from beginning anew, or affect his rights or defence in case another action is instituted.

But this point does not now arise.

In *McKesson* v. *Mendenhall*, 64 N. C., 502, the very point now before the Court was decided, and it was there held "that the plaintiff may elect to be non-suited in every case where no

judgment other than for costs can be recovered against him by the defendant."

But the defendant attempts to escape the authority of this case by drawing a distinction between cases where the Court has no jurisdiction and the action is *coram non judice*, and cases where the action is constituted in the proper Court, admitting that the doctrine applies to the latter but not to the former, which is his case. The Court, however, in the opinion referred to did not make the distinction contended for by the defendant, and no sufficient reason or authority appears why it should be made. For although the Court had no jurisdiction in this case, yet for many purposes the case is nevertheless *in Court*, as to move to dismiss, to non-suit, *nol. pros.*, and other motions, and if no defence is made to the action, the plaintiff may proceed to judgment and execution.

It then seems a refinement to say that the plaintiff may take a non-suit, if the Court has jurisdiction, but cannot take a non-suit if it has not jurisdiction. For if the plaintiff cannot move to take a non-suit, because the Court has no jurisdiction, the defendant cannot move to dismiss for the same reason. If the Court has jurisdiction to dismiss, it must have it to non-suit for they are both judgments of the Court.

It is true in Tidds Pr., 868, we have this expression: "That a non-suit, it is said, can only be at the instance of the defendant," but the authority cited for the *dictum* does not bear him out. The case is in 1 Strange, 267, and was where the jury was sworn, but no counsel, parties or witnesses appeared on either side, and the Court there held that there being no body to move in the cause, the only way was to discharge the jury.

The ancient rules in regard to non-suit which were founded on technical reasons, having no existence now, have given way to the more reasonable one which now prevails, to wit: That if it be clear that in point of law the action will not lie, the Judge, at *nisi prius*, will non-suit the plaintiff, although the objection appear on the record, and might be taken advantage

of by motion in arrest of judgment or on a writ of error. 2 Tidd. Pr. 867, 1 Cam., 256. And so it is held that whenever in the progress of a cause the plaintiff perceives that the Judge or the jury is decidedly against him, or that he will, on a future occasion, be able to establish a better cause, he may *elect to be non-suited.* 3 Chit. Pr. 911.

The books furnish many instances where judgment by default has been taken against one of two defendants, and the plaintiff elected to be non-suited upon the trial of an issue joined by the other defendant. 5 Barn. & Cres, 178. In none of the cases do we find the distinction, attempted to be made in this case, to wit, that the right to elect to be non-suited, is confined to cases constituted in a Court having jurisdiction.

And why should not this be the rule? The plaintiff, by the non-suit, is mulct in costs as the penalty of his mistake of jurisdiction, and the defendant is deprived of no defence upon the merits, in case another action is begun against him for the same matter.

It would seem that any other construction of the rules of pleading at this day when the tendency of all judicial legislation is to simplify these rules and make them consistent with reason and the more equitable administration of justice, would be both harsh and a step backward.

As a matter of right the plaintiff should have been allowed his motion.

PER CURIAM.          Judgment reversed.     *Venire de novo.*