M. E. TATE v. J. S. PHILLIPS and another.

*Practice--Nonsuit.*

A plaintiff at any time before verdict may take a nonsuit, except in a case where the defendant has acquired a right to affirmative relief.

(*Graham* v. *Tate, ante* 120, cited and approved.)

CIVIL ACTION tried at Spring Term, 1877, of MECKLENBURG Superior Court, before *Cloud, J.*

The defendant J. S. Phillips executed a promissory note for $1400 to the other defendant, S. B. Alexander, said note being negotiable and payable at the Bank of Mecklenburg.

Alexander subsequently endorsed and transferred the same to said Bank, and the Bank assigned to plaintiff. This note is the subject of this action, and payment is demanded of the defendants for the reason that the Bank refused to pay it.

The defendant Alexander alleged that he endorsed the note for the accommodation of his co-defendant, and that it was delivered to the Bank in renewal of a pre-existing indebtedness of Phillips, and that it was the property of the Bank and past due at the time of its transfer to plaintiff, and assigned as collateral security for a debt which the Bank owed to plaintiff.

The defendant Phillips alleged that before this action was commenced, the Bank was indebted to him in the sum of

$1500, due upon a certificate of deposit given to one Palmer, and that this defendant is the owner and holder of the same for value, and demands that this counter-claim shall be applied in discharge of said indebtedness to plaintiff to the extent of same.

When the case was called, the plaintiff asked leave to suffer a nonsuit, which was objected to by defendants but allowed by the Court, and the defendants appealed

*Messrs. Wilson & Son,* for plaintiff.

*Messrs. Shipp & Bailey* and *W. W. Flemming,* for defendants.

PEARSON, C. J. This case is governed by *Graham* v. *Tate ante,* 120.

A plaintiff may at any time before verdict pay the cost and take a nonsuit except in a case where the defendant has acquired a right to affirmative relief.

The defendant in our case under the statute had no more than a defensive right against Tate, i. e. to bar the action by a set off of the notes of the Bank, but he could not claim of the plaintiff judgment for the excess.

So according to the course of the Court the plaintiff had a right to pay up the cost and walk out of Court.

The suggestion that he intends to take proceedings in the Federal Court under the Act of Bankruptcy is a matter about which we have no concern.

PER CURIAM.                    Judgment affirmed.