SUSAN W. GRAHAM and others v. J\MES T. TATE, Executor.

*Practice--Nonsuit--Estates of Deceased Persons--Proceeding by Creditors.*

1. The entry of a *verdict* against a plaintiff who is not present either in person or by attorney, is irregular and contrary to the course of the Court.

2. A plaintiff at any time before verdict is entitled to submit to a nonsuit; *Therefore*, when a plaintiff institutes an action and absents himself at the trial term, the proper course is for the Court to direct a nonsuit to be entered against him.

3. In a proceeding by creditors against a decedent's estate under Battle's Revisal, ch. 45, §§ 73 *et seq.* each complaint of the several creditors constitutes a distinct proceeding, to be proceeded in separately.

(Observations by PEARSON, C. J. upon the statute.)

MOTION to set aside and vacate a Verdict and Judgment, heard at Spring Term, 1877, of ROWAN Superior Court, before *Kerr, J.*

This was a special proceeding commenced in the Probate Court of Gaston County, by the plaintiffs as executors of William A. Graham, deceased. and Mildred C. Cameron, in behalf of themselves and all other creditors against the defendant, as executor of Thomas R. Tate, deceased, to compel an account of his administration and payment of the debts alleged to be due to plaintiffs   The debts were disputed; and upon issue joined, the case was transferred to Gaston Superior Court; and upon affidavit of the defendant, it was removed to Rowan, and tried at Fall Term, 1876, before *Cloud, J.* The defendant's testator, Thomas R. Tate, and Thomas W. Dewey (now deceased) were partners in a general banking business, known as the Bank of Mecklenburg. E. A. Osborne, the Assignee in Bankruptcy of said Bank, was permitted to be made a party plaintiff, and filed his complaint demanding of defendant the payment of a large

sum of money; and the defendant also denied this debt. Upon issues submitted at Fall Term, 1876, of said Court, the jury found that the testator of defendant was indebted to the executors of William A. Graham, $5,000, and to Mildred C. Cameron, $14,000, and that he was not indebted to said Osborne, and *Cloud*, *J.*, directed the same to be certified to the Superior Court of Gaston, and adjudged that the defendant recover costs of the plaintiff Osborne.

Subsequently, Osborne filed an affidavit setting forth that he had abandoned the prosecution of this action, and had instituted an action in the Federal Court against the defendant; that he never authorized the names of his attorneys to be entered of record in this or any other case in said Superior Court; that he attended said Superior Court only as a witness in the case of *Graham & Cameron* v. *Tate*, and in obedience to a summons as such; that he was not informed of the verdict and judgment against him until two or three months after said term, and that the same was an utter surprise to him. He further swore that his name did not appear as a plaintiff of record by himself or by attorney, but only in the issues which were submitted to the jury. Upon this affidavit he moved the Court to set aside and vacate said verdict and judgment upon the ground:

1. That said verdict and judgment were taken in surprise of said assignee, and by his mistake and excusable neglect.

2. That they were rendered irregularly and against the course and practice of the Court.

Counter affidavits were filed by the defendant controverting some of the statements made by Osborne. Thereupon His Honor after argument of counsel found the following facts:

1. That the certified transcript from Gaston Superior Court, and the entries upon the dockets of this Court are the only proper records in this case.

2. That the action in which Osborne, Assignee, &c., is

plaintiff, and Tate, executor, defendant, has never been regularly removed to this Court, and no such action is here.

3. ·That Osborne had no notice of the pendency of such action, or that issues had been submitted; nor did he appear in person or by attorney; nor did he have notice that said verdict and judgment had been rendered until some two months afterwards.

4. That no separate action in which said Osborne and Tate were parties was ever docketed in Gaston Superior Court, or in this Court

5. That only one jury was impannelled in the special proceeding or action in which Graham and Cameron were plaintiffs and Tate, defendant.

6. That no evidence was submitted to the jury upon the issues in the alleged trial of the case of Osborne and Tate.

7. That in the answer filed in the Federal Court by the defendant to the bill in equity of Osborne, the pendency of this action in Rowan was relied upon as a defence.

Whereupon His Honor held, that said verdict and judgment were not rendered according to the course and practice of the Court, so far as they relate to the case of Osborne and Tate, and that if Osborne was guilty of neglect, it was excusable. Motion to set aside and vacate verdict and judgment allowed, and the defendant appealed.

*Messrs. Jones & Johnston, Dowd & Walker, J. E. Brown* and *Walter Clark,* for plaintiffs, cited *White* v. *Snow,* 71 N. C. 232; *Sluder* v. *Rollins,* 76 N. C. 271; *McDaniel* v. *Watkins,* *Ibid.* 399; *Hudgins* v. *White,* 65 N. C. 393; *Watson* v. *Shield,* 67 N. C. 235; *Cowles* v. *Hayes, Ibid.* 128, and 69 N. C. 406; *Wolf* v. *Davis,* 74 N. C. 359; *Waddell* v. *Wood,* 65 N. C. 624; *Wade* v. *City of New Berne,* 73 N. C. 319; *R. R. Co.* v. *Vincent,* 8 Jones, 119; *Griel* v. *Vernon,* 65 N. C. 76; *Gibbs* v. *Fuller,* 66 N. C. 116; *Benbow* v. *Rollins,* 72 N. C. 422; *Kitchen* v. *Troy, Ibid.* 50.

. *Messrs. Shipp & Bailey, J. M McCorkle, Dillard & Gilmer* and *J. W. Hinsdale,* for defendant.

PEARSON, C. J.   It is irregular and against the course of the Court to enter a verdict, unless the plaintiff be present either in person or by his attorney.   This proposition is fully established by the authorities cited by Mr. Jones, and is recognized in all the books as a general rule to which very few exceptions are made.   So that a plaintiff can at any time before verdict withdraw his suit, or, as it is termed, "take a nonsuit" by absenting himself at the trial term.   If he does so and fails to answer when called, by himself or by his attorney, the Court directs a nonsuit to be entered ; the cost is taxed against him, and that is an end of the case. Even when the plaintiff appears at the trial, takes a part in it by challenging jurors, examining and cross-examining witnesses, and the argument of his counsel, if he finds from an intimation of the Court that the charge will be against him, he may submit to a nonsuit and appeal.   This is every day's practice.   It is based upon the idea that the plaintiff announces his purpose not to answer when called to hear the verdict, and the advantage is, that the plaintiff can have His Honor's opinion reviewed, and should the decision of the Supreme Court be against him, he can commence another action ; whereas if he allows a verdict to be entered, it is conclusive unless set aside.   Nay, according to the course of the Court the plaintiff is at liberty to take a nonsuit by announcing his purpose to absent himself even after the Judge has charged the jury and their verdict is made up; provided he does so before the verdict is made known.

In our case, the plaintiff having commenced an action in the Federal Court and voluntarily absented himself at the trial term had a right to suppose that a nonsuit would be entered.   The verdict and judgment entered in his absence are irregular and void.   We must say that the conduct of

the defendant, in taking a verdict and judgment which, if not set aside and vacated, would conclude the plaintiff's right of action in the absence of the plaintiff and his counsel, has much the appearance of "sharp practice." Mr Bailey, admitting the general rule in an ordinary action at law, attempted to take this case out of its operation by assuming the position that the statute, (Bat. Rev. ch. 45.) "Executors and Administrators," provides a special proceeding similar to the old practice of issues sent by the Chancellor to be tried by a jury in a Court of Law, for "the enlightenment of the Chancellor's conscience;" in which case the plaintiff was not allowed to disappoint the purpose of the Chancellor by absenting himself from the trial. This involves the construction of the statute.

The proceeding is under § 73, by two of the creditors, named, and all other creditors of the deceased to compel the personal representative to an account of his administration, and to pay the creditors what may be payable to them respectively. Osborne's debt was denied, and he filed a complaint under § 82; "The creditor shall thereupon file in the office of the Clerk a complaint founded on his said claim, and the pleadings shall be as in other cases." An issue of fact being raised, the Clerk sent it up to the Superior Court for trial under § 83. The debts of Mrs. Graham and Miss Cameron, the two creditors who instituted the proceeding, being also disputed, they severally filed complaints, and the issues of fact were in like manner sent up to the Superior Court for trial.

The question is; Are the issues sent up to the Superior Court to be tried for the enlightenment of the conscience of the Judge of Probate? Or does the complaint of the several creditors constitute a distinct proceeding for the purpose of ascertaining their respective debts, to be proceeded in separately so as to "let each tub stand on its own bottom?"

We think it clear the latter is the proper construction of

the statute. And although when issues are sent up, the title should be in the name of the creditors who instituted the special proceeding against the personal representative in order to show the original proceeding, of which the complaint of the particular creditor is a branch, it is proper to make a further title, setting out the name of the creditor, upon whose complaint and the answer thereto, the issues are raised. For instance, in this case the title should be, "Graham & Cameron v. Tate, executor. Issues on the complaint of Osborne." "Graham & Cameron v. Tate, executor. Issues on the complaint of Graham." "Graham & Cameron v. Tate, executor. Issues on the complaint of Cameron." In this mode the complaint of the several creditors will be kept separate, and confusion avoided.

The purpose of the statute was to unite all the creditors in one special proceeding, in order to bring the personal representative to an account after two years, and to compel an application of the assets by payment to the creditors whose debts have been ascertained.

The debts may be ascertained before the special proceeding is commenced in one of three modes ; (1) by admission of the personal representative; (2) by reference, under § 50; and (3) by action for the recovery thereof, under § 51. But the action merely ascertains the debt, and no execution can issue on the judgment, § 133. Where a debt has not been ascertained before the special proceeding is commenced by a creditor for an account and distribution of the assets, provision is made for its ascertainment by § § 82, 83, which in effect gives an action of debt to be proceeded in as therein prescribed, pending the special proceeding by all the creditors.

The statute is very long—168 sections, 25 pages—and contains many details, but we have given an exposition of its main provisions. The result is that the verdict and judgment entered by His Honor, Judge Cloud, was irregular.

The verdict ought to have been set aside and the judgment vacated.

PER CURIAM.                     Judgment affirmed.