## M. P. PURNELL v. VAUGHAN, BARNES & CO.

*Practice—Non-suit—Counter-claim.*

1. A non-suit is not permitted under the present practice, when a counter-claim is set up by the defendant, who thus in turn prosecutes his counter-claim against the plaintiff for its recovery.

2. Where the plaintiff, alleging usury, &c., asked the cancellation of a certain mortgage executed by him to defendants and enjoined the defendants from selling certain land under the mortgage until the controversy between them as to the amount due should be settled; and an account was stated by which the amount of principal money due from plaintiff to defendant was ascertained, neither party excepting; *It was held,* that the plaintiff was not entitled at that stage of the proceedings to dismiss his action against the will of the defendants.

(*McKesson* v. *Mendenhall,* 64 N. C., 502; *Pescud* v. *Hawkins,* 71 N. C., 299; *Tate* v. *Phillips,* 77 N. C., 126, cited and approved.)

MOTION for an injunction heard at Spring Term, 1878, of NORTHAMPTON Superior Court, before *Seymour, J.*

The plaintiff being indebted to the defendants in the sum of $1,504.91, to secure the same and to provide for supplies in money and articles needed to carry on his farming operations, to be furnished by the defendants, and in the aggregate not to exceed $4,000, for which sum he gave them his promissory note payable on the 1st of December, 1876, on the 27th of January preceding, executed to them a mortgage giving a lien on the crops to be made, under the statute and conveying a large and valuable farm known as Marshland, with condition to be void if the debt and advances were paid at or before the said month of December, and with power of sale in case of default. During the year, advances and supplies were furnished by the defendants and several lots of cotton were sent to them by the plaintiff, which were sold and the proceeds of sale placed to his credit. But default being made in payment of the balance claimed to be

due on the account, the defendants undertook to dispose of the crops, but the moneys received therefor by the sheriff were arrested in his hands and are still in litigation.

The defendants then under the power contained in the mortgage, advertised the sale of the land, when this suit was instituted to enjoin them from making the sale, and a restraining order asked for and obtained and a day appointed to hear the application for the injunction. The plaintiff in his complaint alleges usury and other matters of defence; and demands the cancellation of the mortgage and that the defendants be prohibited from selling under the mortgage "until the termination of this suit or the further order of the court."

In his amended complaint the prayer is also for a restraining order "until the controversy between affiant and the said parties, as to the amount due from the former to the latter" (supplying the omitted concluding words) is settled.

The disputed account was referred to the clerk and he made his report of the principal money due from the plaintiff to the defendants, which both parties admit to be correct, and from which all usurious charges are excluded.

On hearing the motion for an injunction, the court expressed the opinion that the plaintiff could not maintain his action without submitting to pay what he owed with lawful interest thereon, and thereupon the plaintiff declining further to prosecute his suit, asked to be permitted to take a non-suit, which was objected to by the defendants, but allowed by the court and the action dismissed. From this order the defendants appealed. (See same case, 77 N. C., 268.)

*Messrs. R. B. Peebles, Walter Clark* and *J. B. Batchelor*, for plaintiff.

*Messrs. Mullen & Moore, Gilliam & Gatling, R. O. Burton*, and *Reade, Busbee & Busbee*, for defendant.

SMITH, C. J. (After stating the case). The only question presented in the record and which we are called on to consider is this: Can the plaintiff after prosecuting his suit thus far, against the will of the defendants, dismiss his action, or in the language of a court of law, take a non suit? We think it too late to do so.

The scope of the plaintiff's equity to ask the intervention of the court embraces the taking an account of their mutual dealings in order to ascertain the amount due and the postponement of the proposed sale until this can be done; and then the allowance of a reasonable time to redeem; and it involves his correlative duty to pay and to submit to a decree of sale, if he fails to make the payment. This should be provided in the decree of sale as we have said in *Mebane* v. *Mebane, ante,* 34.

The whole matter in controversy and the enforcement of the rights of each party under the mortgage are by the plaintiff's own election taken from the mortgagee's control and as an essential condition of relief placed under the exclusive jurisdiction of the court and to be retained until a full and final settlement can be made. The jurisdiction thus invoked has been exercised for the benefit of the plaintiff and the sale deferred until a full and unexceptional account is stated, showing what is due and owing to the defendants, and the cause is ready for a decree of sale; and it would now be most unjust to deny to the defendants all accruing benefit of the proceeding. He who comes into a court of equity seeking its assistance must himself do equity, and the plaintiff cannot be allowed after taking the advantages derived from his action, by putting an end to it, deprive the defendants of the advantages to which they are entitled.

The right to take a non-suit in a court of law was left to the uncontrolled discretion of the plaintiff to be exercised at any time before the rendering of the verdict. It is more

limited under the present system and is not permitted when a counter-claim is set up by the defendant who thus in turn prosecutes his counter-action against the plaintiff for its recovery. As the account consists of a series of claims of each against the other, the case may come under the operation of the principle applicable to a non-suit. *McKesson* v. *Mendenhall*, 64 N. C., 502; *Pescud* v. *Hawkins*, 71 N. C., 299; *Tate* v. *Phillips*, 77 N. C., 126.

The present action is however but a substitute for a bill in equity, by which the relief sought could alone be obtained, and we must look to the practice prevailing in that court for the rule to govern us in this case.

The principle is thus laid down by an eminent writer on the practice in the courts of chancery: "After a decree, however, the court will not suffer a plaintiff to dismiss his own bill, unless upon consent, for all parties are interested in a decree and any party may take such steps as he may be advised to have the effect of it." 2 Danl. Ch. Pr., 930. And in this he is sustained by authority.

"After an order to account and report made, the plaintiff cannot dismiss on payment of costs." Cases cited in note at foot of page.

Chancellor WALWORTH in *Watt* v. *Crawford*, 11 Paige, ch. 470, announces the rule in these words: "Before any decree or decretal order has been made in a suit in chancery by which a defendant therein has acquired rights, the complainant is at liberty to dismiss his bill upon payment of costs. But after a decree has been made by which a defendant has acquired rights, either as against the complainant or as against a co-defendant in the suit, the complainant's bill cannot be dismissed without destroying those rights. The complainant cannot in such case dismiss without the consent of all the parties interested in the decree."

In the case before us the court has acted, suspended the sale by the mortgagee, ordered meanwhile a reference of

the contested matters of account, the report has been made and its correctness conceded by both parties, and the cause in condition to be finally disposed of. Certainly it would not be equitable now to let the plaintiff put an end to the action and turn the defendants out of court.

There is error in allowing the plaintiff to dismiss his action and this will be certified.

.Error.                                         Reversed.