MARY TUCKER, Exr'x, v. GEORGE S. BAKER, Adm'r.

*Complaint—Practice.*

Objection to a complaint, upon the ground that it does not state facts sufficient to constitute a cause of action, may be taken by motion in this court.

(*Pescud* v. *Hawkins*, 71 N. C., 299; *McDougald* v. *Graham*, 75 N. C., 310, cited and approved.)

CIVIL ACTION tried at Fall Term, 1881, of FRANKLIN Superior Court, before *Gudger J.*

The action was brought to fall term, 1879, and the entry was then made on the docket—"Time to file pleadings." The complaint was filed just before spring term, 1881, and is as follows:

1. That James Murphy on the 25th of May, 1859, executed to H. Harris his promissory note under seal in the sum of three hundred dollars, in words and figures as follows, to wit, One day after date I promise to pay H. Harris, or order, three hundred dollars for value received. Witness

my hand and seal, May 25th, 1859.   (Signed and sealed by Jas. Murphy.)

2. That on the 17th day of October, 1859, there was paid on said note the sum of one hundred dollars, which payment is endorsed thereon, and no other payment has been paid on account of it.

3. That James Murphy died in Franklin county in 186 . W. H. Spencer was his administrator, but died in 1877, and letters of administration *de bonis non* were issued to the defendant Baker, and he is now such administrator.

4. J. B. Tucker died in 1862, leaving a last will and testament in which the plaintiff was named executrix, and the will was duly admitted to probate and the executrix qualified as such.

5. That there is due and owing on said note, with interest to October, 17th, 1879, four hundred and fifty-five $\frac{68}{100}$ dollars, of which two hundred and seven $\frac{10}{100}$ dollars is principal money.

Wherefore the plaintiff prays judgment against the defendant for said sum, with interest, and for costs of action.

When the case was called for trial at fall term, 1881, the defendant asked for leave to file an answer, which was resisted by the plaintiff.   His Honor overruled the defendant's motion to file an answer, and rendered judgment against him for want of an answer, from which the defendant appealed.

*Mr. J. J. Davis,* for plaintiff.
*Messrs. Reade, Busbee & Busbee,* for defendant.

ASHE, J.   In this court the counsel for defendant moved that the action be dismissed for the reason, that the complaint does not state facts sufficient to constitute a cause of action, and we are of the opinion the objection is well founded.

The Code of Civil Procedure provides (section 95) that the

defendant may demur to the complaint when it shall appear upon the face thereof, either,

1. That the court has no jurisdiction of the person of the defendant or the subject of the action, or,

2. That the plaintiff has no legal capacity to sue, or

3. That there is another action pending between the same parties for the same cause of action, or

4. That there is a defect of parties, plaintiff or defendant, or

5. That several causes of action have been improperly united, or

6. That the complaint does not state facts sufficient to constitute a cause of action.

By section 98: That when any of the matters enumerated in section 95 do not appear upon the face of the complaint, the objection may be taken by answer.

And by section 99: If no objection be taken either by demurrer or answer, the defendant shall be deemed to have waived the same, excepting only the *objection to the jurisdiction of the court, and the objection that the complaint does not state facts sufficient to constitute a cause of action.*

Thus it would seem that the two last objections may be taken either by demurrer or on motion *ore tenus*. Such is the construction which has been given to these sections by this court. In *Pescud* v. *Hawkins*, 71 N. C., 299, Mr. Justice BYNUM, speaking for the court, said: " By the latter system of pleading (C. C. P.) the objection to the jurisdiction can now be taken only by answer or demurrer, the demurrer being either written or *ore tenus*;" and in *McDougald* v. *Graham*, 75 N. C, 310, it is held that " whenever it shall appear to the court that a cause of action is not stated in the complaint, the action should be dismissed."

In the case before us the complaint does not allege that the plaintiff or his intestate had any interest in the note sued on, either legal or equitable, nor does it state to whom

the note is due, except that it was executed to H. Harris, but fails to connect himself or his intestate with the title of Harris. There is nothing stated in the complaint to show that the plaintiff has the right to recover upon the said note. The action must therefore be dismissed.

PER CURIAM.                                        Dismissed.