JAMES S. WHEDBEE et als. v. KENELLUM LEGGETT.

*Arbitration—Submission—Judgment.*

In an action for the recovery of land, the defendant denied the allegations of the
complaint and pleaded a counter-claim, alleging title to the lands in himself,
and asking damages for trespasses done thereon by the plaintiffs. By consent,
the case was submitted to arbitrators to decide the matters in issue, *except the
question of title*, the award to be a judgment of the Court. The arbitrators
awarded damages to the defendant. Upon filing the award, the Court gave
judgment against the plaintiffs for the amount found by the arbitrators; *Held*,
to be erroneous, as the defendant could have no judgment for damages until
the issue as to the title should be determined in his favor.

CIVIL ACTION, tried before His Honor, *Gudger, Judge,* at
Fall Term, 1884, of HALIFAX Superior Court.

The action was begun on the 11th of October, 1879, returna-
ble to Spring Term, 1880, to recover the possession of a tract of
land in Halifax county, and for damages for cutting and carry-
ing off the timber trees thereon.

At Fall Term, 1883, the defendant filed his answer denying
plaintiffs' title to the land, and also denying the trespass upon
the same. He also pleaded the statute of limitation to their
claim both to the possession of the said land and the said tres-
pass thereon, and alleged title in himself. He further alleged
in his answer that the plaintiffs had trespassed upon the land by
cutting and carrying away therefrom timber trees to the amount
of five hundred and fifty dollars, and demanded judgment:

1. That the plaintiff's action be dismissed. .
2. For five hundred and fifty dollars damages.
3. For other relief.

The plaintiffs filed their replication to the defendant's said
answer, denying that they had trespassed upon the land by cut-
ting and carrying away timber trees therefrom to the amount of
five hundred and fifty dollars, and pleaded the statute of limita-
tion to the defendant's claim for damages.

30

At the same term the following order was made: " By consent of parties this cause is referred to three persons to act as arbitrators, who shall decide all matters in controversy in this cause, except the title to the land, and their award, or a majority of them, shall be final, and shall be a judgment of this court. One of said arbitrators shall be selected by the plaintiffs and one by the defendant, and these two so selected shall select the third. Said arbitrators shall inspect the premises of the defendant, if they so desire, and shall have the power of this court to summon witnesses. The arbitrators shall inquire only as to the damages, if any, to defendant's land. And it is agreed that the plaintiffs shall not plead the statute of limitation to any trespass committed by them or their agents to the defendant's land. And this cause is retained for further directions. And this cause shall be heard by the said arbitrators upon twenty days notice, given by defendant's counsel to plaintiffs' counsel."

On July 29th, 1884, W. Robinson and J. L. Bowers, who had been selected as arbitrators by the parties under said order, filed their report as follows:

"We, Willoughby Robinson and J. L. Bowers, having been selected by the parties to this action as arbitrators in this action according to an order heretofore entered in this cause, selected H. H. Lanier as the third person. After notice duly given as directed by said order, we took up this case in Palmyra in said county, when and where the plaintiffs were represented by Messrs. Mullen & Moore, and the defendant by Messrs. Kitchin and Dunn. After hearing evidence then offered, we continued this cause by agreement of parties to the 25th day of June, 1884, in order that we might inspect and view the premises of defendant. On said day, we went on said land and carefully viewed and inspected it. Pursuant to notice duly given and served, we again met in Palmyra on the 25th day of July, 1884, to take action in this cause. After inspecting said land ourselves, and after hearing all the evidence, there being no disagreement between us, we find that the plaintiffs have damaged the defendant's land, by tres-

passing thereon, to the amount of five hundred and thirty-one dollars, and we assess the defendant's damages at that sum. We ask that we be allowed fifteen dollars each for our services. All of which is respectfully submitted to the court, this July 25th, 1884. This decision shall not be construed to interfere with the title of said land, or statute of limitation."

When the cause was called for argument, the plaintiffs moved for a non-suit as to their cause of action, which was granted by His Honor, and the defendant excepted. The plaintiffs also moved for judgment, notwithstanding the report of the arbitrators, which was refused, and plaintiffs excepted. The defendant thereupon moved for judgment for five hundred and thirty-one dollars on the award, which His Honor granted, and plaintiffs excepted.

The defendant appealed from the judgment of non-suit, and the plaintiffs from the refusal to grant them judgment for costs and also from the judgment in favor of the defendant.

*Messrs. Mullen & Moore* and *Walter Clark*, for the plaintiffs. *Mr. R. O. Burton, Jr.*, for the defendant.

PLAINTIFFS' APPEAL.

ASHE, J. The plaintiff moved for judgment in this case, notwithstanding the report of the arbitrators, and upon the refusal of the Court to grant the motion, excepted, and also excepted to the judgment awarded by the Court in favor of the defendant.

These constituted the grounds of error assigned by the plaintiffs, and are the only questions presented for our determination, and we are of the opinion there was no error upon the first ground, but there was upon the second.

The action was brought to recover a tract of land to which the plaintiffs alleged they had title, and also to recover damages for cutting and carrying off the timber trees growing thereon.

The defendant denied that the plaintiffs had title to the land, and also that he had committed any trespass on the same. He also pleaded the statute of limitation to the possession, as well as to the trespass thereon. He also, for a further defence, set up a counter-claim alleging that the title to the land was in him, and that the plaintiffs had trespassed on the land and had damaged him by cutting down and carrying away trees to the amount of five hundred and fifty dollars, for which he asked for judgment against the plaintiffs.

The plaintiffs replied denying the trespass, and pleaded the statute of limitation.

By consent, the case was submitted to arbitrators to decide the matters in controversy except as to the title to the land and the statute of limitation as pleaded by the plaintiffs in their replication, and their award to be final, and to be a judgment of the court. The arbitrators awarded to the defendant five hundred and thirty-one dollars for damages sustained by him by reason of the plaintiffs trespassing on his land.

We are unable even to conjecture upon what ground the plaintiffs asked for judgment notwithstanding the award.

There was no trial. The award, according to the restricted terms of the submission, did not and could not make a final disposition of the action, and there was nothing found by the award in favor of the plaintiffs.

But the plaintiffs' exception to the judgment granted upon the award in favor of the defendant was well taken.

The award "that the plaintiffs have damaged the defendant's land by trespassing thereon to the amount of five hundred and thirty-one dollars," cannot be considered a final determination of the action. The effect of the finding of the arbitrators was nothing more than the assessment of the damages to which the defendant would be entitled in the event of his establishing his title to the land upon the trial. For the issue as to the title made by the pleading, was expressly withheld from the arbitrators in the order of submission, and although in the order, it

is declared that the award shall be final, and shall be a judgment of the court, we must give it a reasonable construction, and as the question of title was reserved, and the defendant's right to damages depended upon his establishing his counter-claim, and that again upon his making proof of title to the land in himself, his counter-claim could be of no avail as a defence, unless he should establish a better title to the land than that shown by the plaintiffs, and as without making good his counter-claim, he would not be entitled to any damages, we must, therefore, take the order of submission to mean that the award shall be *conclusive* between the parties as to the damages which the defendant will be entitled to, in the event upon the trial of the reserved issues he shall succeed in making good his title to the land.

There is error. The judgment of the Superior Court must be reversed, and the case remanded so that it may be proceeded with to the trial of the issues reserved in the order of submission, and to a final determination.

Error.                                        Reversed and remanded.

---

DEFENDANT'S APPEAL.

## Counter-claim—Non-suit.

When the defendant pleads as a counter-claim, a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's cause of action, the plaintiff cannot be permitted to take a non-suit. But when the counter-claim does not arise out of the same transaction as the plaintiff's cause of action, but falls under subdivision 2 of section 244 of the Code, the plaintiff may submit to a non-suit. In such case, the defendant may either withdraw his counter-claim, when the action will be at an end, or he may proceed to try it, at his election.

(*Francis* v. *Edwards*, 77 N. C., 271, and *Purnell* v. *Vaughan*, 80 N. C., 46, cited and approved).

For the facts, see the preceding case.

ASHE, J. In this action both parties appeal to this court.

The defendant alleged error in the court in granting the motion of the plaintiffs to enter a non-suit as to their cause of action. In this there was error. A counter-claim is in effect a cross action, and, when well pleaded, the defendant becomes an actor, and there are two simultaneous actions depending in the same proceeding between the same parties, and each has the right to have all the matters put in issue by the pleadings adjudicated, and neither has the right to go out of court before a complete determination of all the matters in controversy without the consent of the other. This was held to be the rule of practice in the case of *Francis* v. *Edwards*, 77 N. C., 271, and the decision there is decisive of this case. The court then held that when a counter-claim is duly pleaded, neither party has the right to go out of court before a complete determination of all the matters in controversy, without or against the consent of the other, and when the court below permitted the plaintiff to take a non-suit, it was error. *Purnell* v. *Vaughan*, 80 N. C., 46.

There is a distinction in counter-claims set up as a defence under sec. 244 of *The Code*, which has not been taken or adverted to in the decisions upon that subject heretofore made, that, we think, should be observed.

The first subdivision under that section is "a cause of action arising out of the contract or transaction set forth in the complaint, as the foundation of the plaintiffs' claim, or connected with the subject of the action," and second, "In an action arising on contract, any other cause of action arising also on contract, and existing at the commencement of the action."

The distinction is this. When a counter-claim such as is authorized by the first subdivision is set up, then we think the plaintiff should not be permitted to enter a non-suit, without the consent of the defendant, for the reason that as it is a connected transaction and cause of action the whole matter in controversy between the parties should be determined by the one action.

But when the counter-claim is an independent cause of action arising on contract, such as is provided by the second subdivis-

ion, then we can see no reason why the plaintiff may not enter a non-suit if he should choose to do so. But when the plaintiff in such a case does enter a non-suit, the defendant should be permitted at his election, to withdraw his counter-claim, which would terminate the action, or proceed to trial with his counter-claim, if it is traversed, or move for judgment against the plaintiff if its allegations are not denied, as in actions upon contracts by a plaintiff against a defendant.

Our case comes within the first subdivision, and it was not, therefore, necessary in deciding this case to refer to the distinction above made, but holding, as we do, that the distinction is a good one, we have deemed it proper to mention it here, as an intimation of the Court for the guidance of practitioners in the future.

Our conclusion upon the case before us is that there was error, and the judgment of non-suit rendered in the court is reversed, and the case remanded that it may be proceeded with in conformity to this opinion and the law.

Error. Reversed and remanded.