The plaintiff introduced a mortgage from John S. Hedrick to himself, to secure a note therein recited, payable to the plaintiff.
He showed that the defendant had purchased the mare described in the deed, and was still in possession. It was admitted that the mortgagor, J. S. Hedrick, had died before the commencement of this action.
Plaintiff was offered as a witness in his own behalf, and was asked "if the debt secured in the mortgage had been paid?" To this question the defendant objected as incompetent. The Court reserving the question of law, admitted the question, and the witness answered, "It has not been paid in full."
The plaintiff then proposed to prove by himself as a witness, that the note described in the mortgage was in his possession, and had been since the execution of the mortgage to him. To this the defendant objected — the Court, reserving the question of law, permitted the plaintiff to answer as above set forth.
Plaintiff then proposed to read the note to the jury, and the defendant objected, and upon its appearing to the Court that there was a subscribing witness to the note, who resided in the State, and was not present, the Court declined to permit it to be read. No other evidence was offered. *Page 111 
Upon the facts and proofs submitted, his Honor directed a verdict to be entered finding all issues in favor of the plaintiff, subject to the opinion of the Court on questions of law reserved.
The Court, upon consideration of all the law bearing upon the case, being of opinion with the defendant, directed the verdict to be stricken out. Whereupon the plaintiff took a non-suit and appealed.
It is a well settled rule of practice in this State, that when on the trial, the Court intimates an opinion that the plaintiff cannot maintain the action, he may, in deference to the opinion of the Court, submit to a judgment of non-suit, assign ground of error, and appeal to this Court. In such cases, the judgment is not regarded as one entered simply at the instance of the plaintiff; he submits to it with the understanding on the part of the Court, that he shall have the right to except and appeal.Pescud v. Hawkins, 71 N.C. 299; Graham v. Tate, 77 N.C. 120; Wharton v.Commissioners, 82 N.C. 11.
But that rule of practice was not observed in this case. The trial was had, and under instructions from the Court, the jury rendered a verdict for the plaintiff. Thereupon, "the Court upon consideration of all the law bearing upon the case, being of opinion with the defendant, directed the verdict to be stricken out." The necessary legal effect of this action of the Court was to leave the action as if no trial had been had, and to direct a new trial.
It seems that the plaintiff was not only dissatisfied with what the Court did, but for some singular reason that does not appear "took a non-suit and appealed." The verdict having been "stricken out" — set aside — he had the right to ask for and have a judgment of non-suit, but the effect of such judgment was to put him out of Court, with no right of appeal. Graham v. Tate, supra. No appeal lay from a judgment such as he asked for and obtained. He could not assign ground of error to be reviewed and corrected by this Court, for as to the judgment of non-suit demanded and obtained by him, the Court had made no decision adverse to him: it had allowed him just what he voluntarily asked for. He could not be allowed to do the absurd thing of asking this Court to correct alleged error in a judgment in his own favor, granted at his instance, and in no sense at that of the defendant, nor at the suggestion, or under any adverse ruling of the Court as to it. The action (104) of the plaintiff, it seems to us, is inexplicable upon any ground. The state of the pleadings *Page 112 
required a trial by jury, and the Court, by setting the verdict aside, in effect directed a new trial. If the plaintiff could have appealed as he undertook to do, this Court could not do more than grant a new trial. Why, therefore, did he desire to appeal? Counsel in the argument here could not tell us.
It may be, that the parties could have agreed before the rendition of the verdict, that if the opinion of the Court should be adverse to the plaintiff as to the question of law reserved, then the verdict should be set aside and a non-suit entered, with leave to the plaintiff to appeal, and have any error of the Court corrected. In Dickey v. Johnson,35 N.C. 450, this Court intimated that such agreement might be made, and a like suggestion is made in Kirby v. Mills, 78 N.C. 124. But it does not appear that there was any such agreement. Indeed, we were informed by the counsel for the appellee that there was none.
The appeal was improvidently taken and it must be dismissed, and it is so ordered.
Appeal dismissed.
Cited: Warner v. R. R., 94 N.C. 255; Mobley v. Watts, 98 N.C. 290;Weeks v. McPhail, 128 N.C. 137; Hayes v. R. R., 140 N.C. 134; Merrick v.Bedford, 141 N.C. 506; Chandler v. Mills, 172 N.C. 368.