J. G. BYNUM v. W. E. POWE et al.

*Practice—Counter-Claim—Constitution—Jurisdiction.*

1. A plaintiff cannot take a nonsuit when the defendant sets up a counter-claim arising out of the contract or transaction which constitutes the plaintiff's cause of action—or when the defendant has acquired in an *equitable action* any other right or advantage which he is entitled to have tried and settled in the action.

2. Under §§12 and 22, Art. IV, of the Constitution, the Legislature has the power to establish, limit, and define the jurisdiction of the Superior Courts; to prescribe the methods of procedure in them, and the extent, manner, time and place of exercising their jurisdiction; and can declare what judgments and orders may be given by these Courts in or out of term—except that issues of fact can be tried by a jury only in term time.

(*McKesson* v. *Hunt*, 64 N. C., 502; *Pescud* v. *Hawkins*, 71 N. C., 300; *Graham* v. *Tate*, 77 N. C., 120; *Tate* v. *Phillips*, Ibid., 126; *Purnell* v. *Vaughan*, 80 N. C., 46; *Whedbee* v. *Leggett*, 92 N. C., 469; *Bank* v. *Stewart*, 93 N. C., 402; *McNeill* v. *Lawton*, ante, 16; *Harrell* v. *Peebles*, 79 N. C., 26; *Molyneux* v. *Huey*, 81 N. C., 106; *Shackelford* v. *Miller*, 91 N. C., 181; *McDowell* v. *McDowell*, 92 N. C., 227; *Branch* v. *Walker*, Ibid., 87; *Coates* v. *Weeks*, 94 N. C., 174; *McAden* v. *Benbow*, 63 N. C., 461; cited and approved).

CIVIL ACTION, pending in BUNCOMBE Superior Court, on appeal by defendant from judgment of nonsuit rendered by *Montgomery, Judge*, at Chambers, in McDowell county, on 15th day of October, 1886.

The purpose of this action was to obtain relief by injunction.

On the 25th of June, 1886, a Judge declined to grant a restraining order applied for. Afterwards, upon a like application, another Judge granted a restraining order and a rule upon the defendants to show cause in term time why an injunction should not be granted pending the action, and until the hearing upon the merits.

Subsequently, at Chambers, the Judge vacated the restraining order and denied the motion for an injunction. Afterwards, on the 15th of October, 1886, the plaintiff, out of term time, at Chambers, moved the Court to allow him voluntarily to submit to a judgment of nonsuit.

The defendants resisted this motion, contending that the plaintiff had no right thus to be nonsuited, because one Judge had refused to grant a restraining order, and afterwards another Judge, having granted such order, had dis-

charged it, and refused to grant the motion for an injunction pending the action. The Court allowed the motion, and judgment of nonsuit was granted. This was assigned as error by the defendants, and they appealed to this Court.

Mr. W. P. Bynum, for the plaintiff.
Mr. S. J. Erwin, (Mr. I. T. Avery was with him on the brief,) for the defendants.

MERRIMON, J., (after stating the facts). Strictly, a plaintiff cannot be said to "take a nonsuit" regularly in the course of an action, after the jury are sworn, if he finds that he cannot succeed because there is a defect in the evidence, or it is insufficient to warrant a verdict in his favor, or there is other like cause why he cannot; in that case he fails to appear, and allows himself to be "called"; he does not answer. The jury render no verdict, but are discharged, and there is judgment of nonsuit against the plaintiff, and he is said to be "nonsuited"—properly, he voluntarily suffers a judgment of nonsuit, and he thereby gains the advantage, that there is no verdict against him, and no judgment upon the merits of the action that concludes him, and he may bring a new action for the same cause of action. He only pays costs of the action thus terminated.

But it has become common in practice to say that the plaintiff "takes a nonsuit," and it is settled practice in this State, that he has the right voluntarily to submit to such judgment at any time before the verdict of the jury is rendered, unless before he asks to be allowed to do so, the defendant shall have pleaded a counter-claim, in which case he cannot do so, if it be a cause of action arising out of the contract or transaction that constitutes the plaintiff's alleged cause of action. If, however, the plaintiff's cause of action is distinct from that alleged as a counter-claim, and the latter comes within the statute (The Code, §244, par. 2), the plaintiff may, if he see fit, suffer a judgment of nonsuit as to

his alleged cause of action, and in that case the defendant may continue to prosecute his *counter-claim*, or withdraw or abandon it, in his discretion.

This rule of practice seems to rest upon the ground, that the plaintiff ought to be allowed to abandon his action—not his cause of action, at his pleasure, unless, in the course of the action, some neglect or advantage of the defendant has supervened that he has the right to have settled and concluded in the action. *McKesson* v. *Hunt*, 64 N. C., 502; *Pescud* v. *Hawkins*, 71 N. C., 300; *Graham* v. *Tate*, 77 N. C., 120; *Tate* v. *Phillips*, Ibid., 126; *Purnell* v. *Vaughan*, 80 N. C., 46; *Whedbee* v. *Leggett*, 92 N. C., 469; *Bank* v. *Stewart*, 93 N. C., 402 : *McNeill* v. *Lawton*, ante 16 ; 3 Chit. P., 911 ; Bing. on Judg., 28.

That the cause of action in this case is purely equitable in its nature cannot affect the plaintiff's right to submit to a judgment of nonsuit. Under the present method of civil procedure there is but one form of action, and the plaintiff, as indicated above, may, no matter what may be the nature of the cause of action, voluntarily submit to a judgment of nonsuit, except that in cases purely equitable in their nature he cannot do so, after rights of the defendant in the course of the action have attached that he has the right to have settled and concluded in the action. Thus, if an order of reference has been made, and the referee has made a report, the correctness of which is conceded by both parties, and the case is in condition to be disposed of finally ; or if an account has been taken and report made, or a decree has been made under which the defendant has acquired rights, the plaintiff will not be allowed to suffer a judgment of nonsuit, and this is so because the defendant has acquired such rights and advantages in the action as give him a positive interest in it. This rule is reasonable, and rests upon grounds of manifest justice. *Pescud* v. *Hawkins. supra ; Purnell* v. *Vaughan*, *supra ;* Ad. Eq., 373 ; Story's Eq. Pl., §§456, 793.

But in this case obviously the defendants acquired no rights by virtue of anything done in the course of the action. The plaintiff had simply made a motion for an injunction pending the action, and until the hearing upon the merits, which motion was denied. He might therefore have had such judgment as the one granted out of term time by the consent of parties, or in term time without such consent.

We are, however, of opinion, that the Judge had no authority to grant the suffered judgment in question out of term time without the consent of parties, and that it is therefore void. There is no statute prescribing and regulating the course of civil procedure that authorizes such a judgment to be granted out of term time at Chambers without the consent of parties, and there was no such consent.

That judgments may be granted in civil actions by the Judges of the Superior Courts out of term time, only by the consent of parties, is now well settled, but the practice in that respect is of doubtful expediency, and ought not to be encouraged in ordinary cases. It is out of the general course of procedure and practice, and not infrequently gives rise to misapprehension, distrust and confusion.

To avoid this as far as practicable the consent of parties should always appear certain, in writing, signed by the parties, or their counsel, or the Judge should recite the fact of consent in the orders and judgments he directs to be entered of record. *Hervey* v. *Edmunds*, 68 N. C., 246; *Harrell* v. *Peebles*, 79 N. C., 26; *Molyneux* v. *Huey*, 81 N. C., 106; *Shackelford* v. *Miller*, 91 N. C., 181; *McDowell* v. *McDowell*, 92 N. C., 227; *Branch* v. *Walker*, Ibid., 87; *Coates* v. *Weeks*, 94 N. C., 174.

The Constitution, Art. IV., §22, delares that " The Superior Courts shall be at all times open for the transaction of all business within their jurisdiction, except the trial of issues of fact requiring a jury," and it is contended that this provision directly confers upon the Judges of the Courts named

jurisdictional authority to make all proper orders and to grant all proper judgments, and to do and require to be done, all proper things in all civil actions and proceedings in the course of procedure out of term time, " except the trial of issues of fact requiring a jury."

This provision of the Constitution does not stand alone— it has reference and relation to, and ·bears materially upon other provisions on the same subject, and must in such connection and bearing receive such just and reasonable interpretation as will give it intelligent operative effect.

An essential part of the system of judicature established and provided for by the Constitution, is the apportionment and distribution of jurisdictional authority, and a method or methods of procedure. These are not supplied by the Constitution except to a very limited extent. As to Courts, other than the Supreme Court, power is expressly conferred upon the Legislature to prescribe, define and limit their jurisdiction respectively, and proper methods of procedure therein. It is declared by §12 of the same article above cited, that "the General Assembly shall have no power to deprive the judicial department of any power or jurisdiction, which rightfully pertains to it as a co-ordinate department of the government; *but the General Assembly shall allot and distribute that portion of this power and jurisdiction which does not pertain to the Supreme Court,* among the Courts prescribed in this Constitution or which may be ·established by law, *in such manner as it may deem best,* provide also a proper system of appeals, and regulate by law when necessary, the methods of proceeding in the exercise of their powers, of all Courts below the Supreme Court, so far as the same may be done without conflict with other provisions of this Constitution." It thus appears plainly that the Legislature has ample power to establish, define and limit the jurisdiction of the Superior Courts, and prescribe the methods of procedure in them. This power must embrace the power to prescribe the extent,

manner, time and place, of exercising jurisdictional authority. This is essential to secure certainty, consistency, order and practical convenience in the due administration of public justice. Without proper regulations in these respects, disorder and confusion must inevitably prevail to a greater or less extent, to the detriment of the public and individuals.

The Legislature may make such regulations as it shall deem fit and expedient, in the respects mentioned, and they will be operative if they do not conflict with provisions of the Constitution other than those contained in the section last above recited. It is insisted, however, that the present method of civil procedure is in conflict with the constitutional provision first above set forth. We think otherwise. Giving it a reasonable interpretation that makes it harmonize with the power conferred upon the Legislature just adverted to, and as well, one that gives it intelligent practical effect, it implies that "the Superior Courts shall be at all times open for the transaction of all business within their jurisdiction," as at the time, at the place, and in the manner prescribed by law, "except the trial of issues of fact requiring a jury." As to the trial of issues of fact by a jury, they shall not be continuously open—they shall be open only at stated periods—in term time—but as to all other matters, they shall be *continuously open*—open for the transaction of any—all—business that may properly come before them, at the time, in the order, at the place, and in the way prescribed, but not necessarily that such business shall be continuously transacted. They are continuously open, so that the Legislature may prescribe that certain classes of business shall be transacted only in term time, certain other classes may be transacted out of, or in term time, or that all business may be transacted at any time without regard to terms of the Court, except as to the trial of issues of fact by a jury. These Courts in their nature are continuously open as contradistinguished from Courts that are closed except at certain

periods, called term time, such as were the Superior Courts of this State before the adoption of the present Constitution, except in certain respects.

Very soon after the adoption of the Constitution of 1868, the Legislature passed a statute prescribing a *Code of Civil Procedure*, which in a sense contemplated the continuous transaction of business in the Superior Courts of which they had jurisdiction, but this feature of it prevailed for a brief while. Afterwards the Legislature, deeming the statute in the respect referred to inexpedient and unsuited to the wants and interests of the people, passed a statute (Acts 1868–'69, ch. 76) suspending the Code of Civil Procedure in certain respects, and enacting that civil actions should be brought, the pleadings therein filed and trials had in term time only. The validity of that statute was contested in *McAdoo* v. *Benbow*, 63 N. C., 461, on the ground that it was in conflict with the provision of the Constitution now under consideration. This Court held after much consideration that the act was valid, and the decision in that case has been repeatedly and uniformly recognized as settling the construction to be placed upon that provision. Indeed the construction given it has been recognized and acted upon by the Courts and the Legislature ever since it was made. This statute was by its terms to remain operative only for a brief period. It was afterwards extended in its material provisions by a subsequent statute, (Acts 1870–71, ch. 42,) and subsequently by statute, (Bat. Rev., p. 248); and substantially the provisions of this statute are now incorporated into and permanently form part of the *Code of Civil Procedure, (The Code*, ch. 10).

While the Legislature can provide for the continuous transaction of business of the Superior Courts of which they have jurisdiction without regard to stated terms thereof, except as "to the trial of issues of fact requiring a jury," because they are always open, it is too well settled to admit of serious question, that it can prescribe, as indeed, it has done,

that civil actions, with certain exceptions, shall be brought to, proceeded in, tried and disposed of in term time only. *Hervey* v. *Edmunds*, 68 N. C., 243.

So accepting the provisions of the Code of Civil Procedure affecting the question presented by the record for our decision as operative and valid, did they authorize the Judge to grant the judgment of nonsuit complained of, out of term time?

We think this question must be answered in the negative. It appears from a careful examination of the Code of Civil Procedure that all ordinary civil actions must be brought to and proceeded in to their determination at regular terms of the Superior Courts. This is the general course and extent of procedure, and there is no authority of the Court or Judge to grant orders, judgments, or take any action in such actions out of term time, except in respects specially provided for; such as provisional remedies, proceedings supplementary to execution, submitting a controversy without action, confessing judgment without action, applications for mandamus, and the like.

And moreover, whenever the Judge may take any such action out of term time, in the course of an action, or otherwise, his authority to do so is exceptional, and is prescribed in terms, or by necessary implication. He cannot do so simply upon the ground that the Courts are always open for the transaction of all business within their jurisdiction; he must or may do so only when the prescribed course of procedure allows or directs something to be done.

Now, this is an ordinary civil action, in which the particular and principal relief demanded is a perpetual injunction. It was brought to a regular term of the Court, and must be proceeded in in term time, to its end, however that may be reached. There is no exceptive provision in the Code of Civil Procedure that allows a judgment of voluntary nonsuit to be suffered by the plaintiff out of term time

any more than to try and determine the action upon its merits. The judgment might have been granted with the consent of parties, because the Court is always open, but it could not without such consent, and for the reasons already stated above.

The suffered judgment of nonsuit must be treated as void, and further proceedings had in the action in term time, according to law. And to that end let this opinion be certified to the Superior Court. It is so ordered.

Error. Reversed.