PHILIP ANTHONY v. J. C. ESTES and others.

*Appeal—Practice—Assignment of Error—Judgment out of Term—Statement of Case on Appeal.*

1. Unless the error complained of is assigned in the record, the judgment will be affirmed, if it be one the Court could give, consistently with the record.

2. When a motion was heard at Chambers, *by consent*, it cannot be objected in the Supreme Court that it should have been heard in term.

3. It is bad practice to send up the pleadings, motions, affidavits, orders, &c., as the *Case on Appeal*, by agreement.

His Honor, *Avery, J.*, in November, 1887, at Chambers, heard a motion to set aside and vacate a judgment in BURKE Superior Court, in favor of the appellant and against the appellee.

The motion was granted, and the plaintiff in the action appealed to this Court. The objections made sufficiently appear in the opinion.

*Mr. C. M. Busbee*, for the plaintiff.
No counsel for defendants.

MERRIMON, J. No error is assigned in the record, in terms, or by reasonable implication. Nothing appears that suggests any particular objection to the judgment or dissatisfaction with it, except simply the appeal. This is not sufficient. Error must be assigned, unless, from an examination of the whole record, it appears that the judgment is one that could not be given by the Court, consistently with the record. Although the judgment appealed from may be erroneous, or irregular, it is, nevertheless, one that might be given, and it stands, and is effectual, until reversed or modified for errors assigned, or set aside for some irregularity.

The counsel for the appellants here suggested, on the argument, that the motion was one that ought, regularly, to have been heard in term time, and not at Chambers. This may be so, but no objection was made on the ground, that it was heard out of term; indeed, the record shows that it was heard by consent, and all objections as to irregularity were waived, and certainly it might be so heard. *Coates* v. *Wilkes*, 94 N. C., 174; *Bynum* v. *Powe*, 97 N. C., 374; *State* v. *Ray*, Id., 510.

It is settled by many decisions that in such a case the judgment will be affirmed.

We note that no case is *stated or settled* on appeal—it is simply said by the Judge that " it is agreed" that the pleadings, motions, affidavits, orders, &c., shall constitute the case on appeal.

Manifestly, this is not a compliance with the letter or spirit of the statute applicable—it does not serve the purpose of the assignment of errors. Our brethren of the Superior Courts should not tolerate, much less encourage, such bad practice. It might result in serious detriment to appellants, and cause a failure of justice.

Judgment affirmed.