ISAAC BROWN v. IVEY KING et al.

*Ejectment—Action to Recover Land—Nonsuit—Color of Title—Adverse Possession.*

1. Refusal of the Superior Court to allow a nonsuit after verdict and judgment will not be reviewed in this Court.

2. Where the plaintiff failed to connect himself with the former owners of a tract of land, and failed to show color of title or adverse and continuous possession for twenty-one years: *Held,* that the Court properly instructed the jury to return a verdict for the defendants.

3. In an action of ejectment, and the modern substitute for it—an action for the possession of land—the plaintiff must allege and show that defendant held adverse possession at the time of action brought, and that he is entitled to the immediate possession.

This was a CIVIL ACTION for the recovery of a tract of land, tried before *Boykin, J.,* at Fall Term, 1889, of JONES Superior Court.

The plaintiff introduced a deed describing three several tracts of land from John Martin Franks to Isaac Brown, Sr., dated in 1832. There was evidence tending to show that the plaintiff chipped boxes on one of the said tracts set out in the said deed for seven or eight years immediately preceding the late civil war; that said tract was exclusively woods land, and was in no way used or occupied during the said war, nor afterwards, until about six or seven years before the commencement of this action, since which time it has been in the possession of the plaintiff.

The boundaries of neither of the said three tracts were the same as those set out in the complaint, and there was no evidence tending to identify any of the tracts described in the said deed with that described in the complaint, except one of the witnesses testified he had heard one of the tracts mentioned in the deed was the land in dispute between the

plaintiff and the defendants, but said he did not know but one of the lines of said tracts.

The plaintiff, who was the last witness examined, testified that at the time of the commencement of this action he was in possession of the land described in the complaint.

When the plaintiff rested his case the counsel for the defendants arose and inquired of His Honor if he understood the plaintiff to testify that he was in possession of the *locus in quo* at the time this action was commenced, and receiving an affirmative answer from the Court, the defendants announced they would not introduce any evidence.

His Honor directed the jury, if they believed the evidence, to return a verdict for the defendants. The jury found all issues in favor of the defendants.

Some time after the verdict of the jury had been returned and the judgment signed by His Honor, counsel for the plaintiff moved to be allowed to take a nonsuit. Motion denied. Appeal by plaintiff.

*Mr. George Rountree*, for plaintiff.
No counsel for defendants.

AVERY, J.: The plaintiff offered a deed from John Martin Franks to Isaac Brown, Sr., bearing date in the year 1832, and purporting to convey three tracts of land. The boundaries of the tract described in the complaint were not the same as those of any one of the three set out in the deed. A witness testified that he had heard that one of the tracts mentioned in the deed was the land in dispute between the plaintiff and the defendants, but that he, witness, did not know but one of the lines of said tracts. There was no testimony tending to show that the land in controversy was that described in the complaint, if the evidence of the witness could be considered as more than a scintilla of testimony to show the identity of the land in dispute with any

tract mentioned in the deed introduced. But if it be admitted that the disputed territory described in the complaint is covered by the boundaries set out in the deed, the plaintiff offered no grant, and in order to show title under color in himself *prima facie*, ought to have offered evidence tending to prove continuous adverse possession in himself, or those under whom he claims, or both, for twenty-one years of the time intervening between the execution of the deed to Isaac Brown, Sr., in 1832, and the date of bringing the action, exclusive of the time elapsing between May 20th, 1861, and January 1st, 1870, when the operation of the statute was suspended, and ought, moreover, to have connected himself with Isaac Brown, Sr., by deeds, or proof of devise, or descent. There was no attempt to prove such possession for twenty-one years, and, therefore, the Judge was justified in telling the jury that they must find the issue of title for the defendants. *Ruffin* v. *Overby*, 105 N. C., 78; *McLean* v. *Smith*, 106 N. C., 173; *Mobley* v. *Griffin*, 104 N. C., 112; *Davis* v. *Stroud*, 104 N. C., 484

It is familiar learning that a plaintiff could not, in ejectment, and cannot in the modern action for possession, substituted for the former, recover without proving that the defendant held adverse possession of the land in controversy when the action was brought, as well as that the plaintiff was then entitled to the possession, or was owner and had a right to immediate possession, according to the allegations of the complaint. *Davis* v. *Stroud, supra ; Gilliam* v. *Bird*, 8 Ired., 285. When, therefore, the plaintiff testified that he was in possession of the land in dispute when the action was brought, his Honor was bound to tell the jury that there was no testimony tending to prove a wrongful possession on the part of the defendant, and the second issue must be answered in the negative.

Under the former practice, in all actions at law, the plaintiff could, at his option, submit to judgment of nonsuit at

any time before verdict, and, under the provisions of our present *Code*, he is deprived of the right to take that course only in cases where the defendant claims affirmative relief. *Graham* v. *Tate*, 77 N. C., 120; *Tate* v. *Phillips*, 77 N. C., 126.

It is not error in a Judge to refuse to order a judgment of nonsuit, on motion of the defendant, where the plaintiff has not moved for such judgment, except in cases where the duty is imposed by statute; but, on the contrary, the plaintiff, so long as he appears and prosecutes his action, has the right to have the facts alleged in his complaint, if they are sufficient to constitute a cause of action, " admitted by demurrer or found by a jury." *Smith* v. *Smith*, 8 Ired., 29; *Carleton* v. *Byers*, 71 N. C., 331. It has been held, that even where the law expressly allowed a defendant to move the Court for judgment of nonsuit or dismissal, the motion would not lie, as a matter of right, after judgment for the plaintiff had been entered without objection. *Allison* v. *Hancock*, 2 Dev., 296; *Kingsbury* v. *Hughes*, Phil., 328.

When the defendant's counsel asked the Court whether the plaintiff had not testified that he was in possession of the land in controversy, and, upon receiving an answer in the affirmative, declined to offer testimony, the plaintiff was put on notice of what the inevitable result must be if he should remain passive. He might have asked to correct his testimony if he was misunderstood, and if he could not make the fact so appear, or the Judge, in his discretion, refused to hear additional evidence, he had the right to submit to judgment of nonsuit, and thereby avoid the conclusive effect of a verdict and judgment upon the issues. The plaintiff chose the battle-field when he voluntarily put the title, as well as the possession, in issue, and it was also his own folly to stand his ground till it was too late for him to withdraw from the contest  He persisted, despite all reasoning, in going to the jury upon the issue of title, as well as that involving the right to present possession; and if the

fears of the learned counsel who appeared for him here for the first time, that the plaintiff might be estopped from claiming title as against the defendant, should be realized, it will be due to the injudicious management of his case on the trial below, for which it is now too late to find a remedy.

No error. Judgment affirmed.