McKESSON & HUNT *v.* MENDENHALL and others.

In defence to an action upon a note, the defendants, by way of counter-claim, alleged that it was given to the plaintiffs for rent of a tract of land, and that other parties, claiming such land by title paramount to that of the plaintiffs, had sued one of the defendants, seeking damages for its occupation during the time for which the note was given ; and thereupon, by order of court, the owners were made parties plaintiff to the suit ; the original plaintiffs then elected to be non-suited : *Held,* upon an appeal by the interveners from this judgment of non-suit :

1. That they had a right to take a non-suit ;
2. That although non-suited, the action would go on for the interveners, and the persons non-suited would be bound by the result of the suit, as privies thereto.

A plaintiff may elect to be non-suited in every case where no judgment, other than for costs, can be recovered against him by the defendant, and when such judgment may be recovered, he cannot.

The defendants had a right to ask for a bond for costs from the interveners, as the parties non-suited ceased to be liable, except partially.

MOTION for a non-suit, heard by *Mitchell, J.,* at Spring Term 1870, of BURKE Court.

The principal facts are reported in S. C. *ante* p. 286.

Since the last term of this Court, in accordance with an intimation in its Opinion, as heretofore reported, the persons claiming to own the land (the heirs of McDowell,) were allowed by his Honor Judge Mitchell, upon affidavit filed, to become parties plaintiff, and file a complaint against all the original parties, and thereupon the former plaintiffs moved that they be permitted to take a non-suit. This was resisted by the McDowells, but was allowed by his Honor.

The McDowells appealed.

*C. M. Busbee,* for the appellants.
*Folk, contra.*

McKesson & Hunt *v* Mendenhall and others.

RODMAN, J.  Under the opinion given in this case, (*ante* 286,) the infant heirs of McDowell by their guardian, were permitted at Spring Term 1870, of Burke Superior Court, to intervene, and become parties plaintiff.  Thereupon the original plaintiffs elected to be non-suited, which was allowed, and from this the McDowells appealed.

The single question presented, is, the right of the plaintiffs to take a non-suit.  We think they have it.

In 1 Tidd, Pr. 458, it is said that the judgment of *non pros.* or *non-suit*, (the two terms meaning the same thing, but the former being proper in actions by *bill*, and the latter in actions by original writ,) is founded on the statute 13 Car. II, which enacts that unless the plaintiff shall file his declaration within a certain time, a judgment of non-suit may be entered against him. . Section 78 of our Code of Civil Procedure, contains a similar provision.  It was also formerly usual before the jury gave their verdict, to *call*, or demand the plaintiff, in order to answer the amercement to which, by the old law, he was liable in case he failed in his suit, and it is now usual to *call* him whenever he is unable to make out his case, &c. : 2 Tidd, Pr. 867.  The failure of the plaintiff to appear when called, is regarded as a renunciation of his action.  It is sometimes said that a judgment of non-suit can only be at the instance of the defendant ; but the cases cited for that only prove that the Court will not give it *ex mero motu,* but only at the instance of one of the parties ; and the proposition can only be maintained to the extent that the Court will not allow a plaintiff to become non-suit to the prejudice of the defendant, and in a case in which, although nominally a plaintiff, he is substantially a defendant.  As the plaintiff possessed the power of becoming non-suit when called before verdict, it became a general practice to allow him to do so at any time before verdict, when he desired from any cause to abandon his action.  So

long as he is merely a plaintiff, the Court has no means by which he can be compelled to appear and prosecute his suit against his will, and no injury can result from allowing him to abandon it. When, however, by the pleadings, he ceases to be merely an *actor*, and becomes also a defendant, as, for example, if a defendant pleads a set-off exceeding the admitted demand of the plaintiff, and demands judgment for the excess, the right ceases. For this reason it was at one time doubted whether a plaintiff could become non-suit after a plea of tender, or payment of money into Court. But it is now held that he can: Tidd, Pr. 868. The principle would seem to be, that a plaintiff may elect to be non-suited in every case where no judgment other than for costs, can be recovered against him by the defendant, and when such judgment may be recovered, he cannot.

Can the interveners, or the defendants, in this case be injured by the plaintiffs' abandoning their action ?

The action is on a note, and the defendants allege that the consideration of it was the demise of certain land to them by the plaintiffs, and that the heirs of McDowell, claiming by paramount title, have sued them for the use and occupation of the land during the term for which it was demised by the plaintiffs.

For the reasons stated in 2 Story Eq. Jur. s. 812, the claim of the defendants for the intervention of the McDowell heirs, cannot be considered as strictly in the nature of a bill of interpleader. The practice, however, must, from the nature of the case, be very much as if it was. The right of the defendants to have the intervention stands on C. C. P. ss. 60 and 61, which declare in substance that all persons may be made parties whose presence is necessary for a complete determination of the matters in controversy.

The demand for intervention must be regarded as in the

nature of a bill *quia timet.* The argument for that view, and. the consequences claimed to follow from it, are as follows:

1. Every demise implies a warranty for quiet enjoyment, unless the contrary be expressed: Smith's Landlord and Tenant, 208, 214. The plaintiffs warranted the quiet enjoyment of the defendants.

2. A recovery by the McDowell heirs against the defendants for use and occupation of the demised premises during the term, would be *pro tanto* equivalent to an eviction: Smith Land. and Ten. 129 ; *Jones* v. *Morris,* 3 Exch. 742.

3. The defendants (assuming that they have an express or implied warranty of quiet enjoyment from the plaintiff,) have a right to recoup from any sum due the plaintiff for rent, whatever may be recovered from them under the paramount title of the McDowell heirs : Smith L. and T. *up sup.*; *Snead* v. *Jenkins,* 8 Ire. 27.

4. It follows from these premises, that the plaintiffs cannot retire from the controversy between the McDowell heirs and the defendants, but must remain present as parties, in order that they may be bound by the determination of the controverted points, which may be supposed to be ; (1.) The paramount title of the McDowells, (2.) The value of the use and occupation of the defendants. This enumeration omits those questions which may be controverted between the plaintiffs and defendants, but in which the interveners have no concern.

The first of the above propositions is correct in law; how the fact may be is a question not before us. It is a question in which the McDowells are not interested, and which will be for decision between the plaintiffs and defendants, whenever the plaintiffs shall prosecute an action to recover upon their note for rent. As to the second and third propositions, we think they are law. The fourth we consider incorrect, in this : it is not necessary that the plaintiffs shall remain nomi-

nal parties to the action in order that they may be bound by its results. Notice to them, and an opportunity to take a part in the controversy, will suffice. They may cease to be nominal parties, but they remain privies, and as such will be bound: 1 Greenl. Ev. ss. 523, 536; *Hamilton* v. *Cutts,* 4 Mass. 349; *Perkins* v. *Pitts,* 11 Mass. 125; *Boyd* v. *Whitfield,* 19 Ark. 447; *Haight* v. *Hoyt,* 19 N. Y. (5 Smith,) 464.

The McDowells have no right in this action to recover any thing of the plaintiffs. Whatever claim they may have against the plaintiffs, either as trespassers, or for use and occupation, must be prosecuted in a separate suit; the defendants have no interest in it; it is foreign to the purposes of the intervention, and would be multifarious.

From this it follows that neither the defendants nor the interveners can be prejudiced by a withdrawal of the plaintiffs from the action. They may, if they choose, decline further to prosecute their claim, but they will be bound by the result of the issues between the interveners and the defendants, as if they had remained parties.

It may be proper to say, as the question was made on the argument, that the original plaintiffs cannot be liable for any costs of rhe interveners, except so far as these, if recovered against the defendants, may be properly regarded as a part of the damages from the eviction. The defendants have a right to require that the interveners shall give an undertaking for their costs, such as is required of plaintiffs.

Several other questions of interest were discussed at the bar:

1. Whether, supposing the demise from Gov. Manly to the plaintiffs invalid, it was ratified by the receipt of rent from the plaintiffs by the guardian, Mrs. McDowell.

2. Supposing the demise to have been thus ratified, whether upon the insolvency of the plaintiffs, the McDowell

heirs can recover from the defendants for their use and occupation of the demised lands.

These, and perhaps other questions, may come up for determination on the trial of the issues between the interveners and the defendants, and it would be premature to intimate any opinion.

There is no error in the judgment appealed from; the appellants will pay the costs of this Court. Let this Opinion be certified.

PER CURIAM.                    Judgment affirmed.