PEOPLE'S BANK v. J. D. STEWART.

*Practice—Nonsuit.*

The plaintiff may, at any time before the defendant has pleaded a counter-claim, submit to a nonsuit, and withdraw his suit.

(*Hill* v. *Overton*, 81 N. C., 393; *Johnson* v. *Murchison*, 60 N. C., 83; *Pescud* v. *Hawkins*, 71 N. C., 299; *Graham* v. *Tate*, 77 N. C., 120; *Tate* v. *Phillips, Ibid.*, 126; *Mercantile Bank* v. *Pettigrew*, 74 N. C., 326; *Francis* v. *Edwards*, 77 N. C., 271; *McKesson* v. *Mendenhall*, 64 N. C., 502, cited and approved).

This was a CIVIL ACTION, tried before *MacRae, Judge*, at the Spring Term, 1884, of Superior Court for UNION county.

The case is sufficiently stated in the opinion of the Court.

*Messrs. Payne & Vann*, and *Haywood & Haywood*, attorneys for plaintiff.

*Messrs. Covington & Adams* and *Mr. J. W. Hinsdale*, attorneys for defendant.

SMITH, C. J.    The plaintiff's action is upon two promissory notes of the defendant, and to the verified complaint filed at the term to which the summons was returnable, the defendant demurred, specifying the several alleged defects therein.    At a subsequent term the following entry appears in the cause:

Plaintiff called and failed; judgment, nonsuit without prejudice; judgment against plaintiff for costs; same day defendant

moved to be allowed to file answer. Thereupon the judgment of nonsuit was stricken out, and the defendant allowed to with-draw his demurrer and file his answer. From this last order the plaintiff appeals.

The question presented is not so much the power of the Court to modify, amend or revise its own orders during the term, but to deny to the plaintiff his right to abandon his action at this stage of its progress by entering a judgment of nonsuit or a *nol. pros.* According to the ancient forms a nonsuit was the appropriate mode of terminating the suit when the trial was about to be entered into, and the plaintiff could elect to submit to it any time before the verdict was rendered. A *nol. pros.* could be entered at any time previous as to all or some of the defendants, and might be restricted to a part of the series of counts which made up the declaration. But a misnomer of the entry in calling a *nol. pros.* a nonsuit would not affect its office when applied to a judicial proceeding, for its legal efficiency would designate its appropriate name, and so it is held in *Hill* v. *Overton,* 81 N. C., 393. But the modern practice authorizes the plaintiff to submit to a nonsuit even before the defendant's appearance or the return of the process, as is declared upon an examination of the authorities in *Johnson* v. *Murchison,* 60 N. C., 83. " Whenever in the progress of a cause," in the language of BYNUM, J., " the plaintiff perceives that the judge or the jury are against him, or that he will on a future occasion be able to establish a better case, *he may elect to be nonsuited."* *Pescud* v. *Hawkins,* 71 N. C., 299.

"A plaintiff can at any time before verdict," remarks PEARSON, C. J., " withdraw his suit, or, as it is termed, take a nonsuit by absenting himself at the trial term." *Graham* v. *Tate,* 77 N. C., 120. Again, in *Tate* v. *Phillips, Ibid.,* 126, when the defendant, under the authority of a statute, proposed to use bank notes as a set off to the action, while he was not allowed to recover for the excess, the 'same eminent Judge repeats the rule and adds: "So, according to the course of the Court, the *plaintiff had a right* to pay up the costs and walk out of court." If, however,

the defendant sets up a counter-claim, entitling him to judgment for its excess over the plaintiff's demand, and it is not a mere defence to defeat the action, the plaintiff cannot of right put an end to the suit, and, in such a case, a nonsuit would be a withdrawal of his own claim, and leave him exposed to a recovery of the counter-claim. *Mercantile Bank* v. *Pettigrew,* 74 N. C., 326; *Francis* v. *Edwards,* 77 N. C., 271.

The law is so clearly laid down in *McKesson* v. *Mendenhall,* 64 N. C., 502, by RODMAN, J., that we reproduce a portion of the opinion: " It is sometimes said," he remarks, "that a judgment of nonsuit can only be at the instance of the defendant. But the cases cited for that only prove that the Court will not give it *mero motu,* but only at the instance of one of the parties; and the proposition can only be maintained to the extent that the Court will not allow a plaintiff to become nonsuit to the prejudice of the defendant, and in a case in which, although nominally a plaintiff, he is substantially a defendant. As the plaintiff possessed the power of becoming nonsuit when called before verdict, it became a general practice to allow him to do so, at any time before verdict, when he desired for any reason to abandon his action. So long as he is merely plaintiff, the Court has no means by which he can be compelled to appear and prosecute his suit against his will, and no injury can result from allowing him to abandon it."

These references clearly recognize the right of a plaintiff before any counter-claim is set up to terminate his action and retire from the Court, or, in the language of the late Chief Justice, to " walk out of Court."

The cause was depending upon the issue raised by the demurrer when the action was taken by the plaintiff, and consequently no such claim had been asserted by the defendant as entitled him to have it retained. The answer is unnecessarily sent up, since it is a question of legal right, wholly outside of any intended defence, upon which the appeal requires us to decide. So that, while the answer was intended, as we see from its terms, to bring

forward a counter-claim for usurious charges entering into the notes, the defendant was then relying upon imperfections in the statement of the plaintiff's cause of action, and it was his own choice not earlier to put in his answer. Nor if, as suggested in the argument, the statutory law might interfere in any future assertion of the defendant's demand, that would not now be in his way, nor warrant the Court in denying to the plaintiff the exercise of his legal right to withdraw his suit. The counter-claim could have been the subject of an independent action, and thus the law have been avoided. Whatever may be the purpose of this course on the part of the plaintiff, or its results, we have nothing to do with them, and cannot compel him to remain in Court and prosecute his suit. There is error in setting aside the nonsuit and permitting the answer to be filed, after the cause was out of Court by the nonsuit. The judgment of nonsuit must therefore stand, and it is so adjudged.

Error. Reversed.