DANIEL GATEWOOD et al. v. JAMES A. LEAK, JR., et al.

*Counter-claim—Nonsuit—Jurisdiction.*

1. Where, in term time, one of the plaintiffs in the action moved to be allowed to withdraw from the suit, and this motion was, by consent, continued to be heard with others pending in the cause at a day out of term when it was allowed; *Held,* not to be error.

2. Plaintiffs may submit to a nonsuit at any time before verdict, unless in actions of an equitable nature the adverse party shall have acquired some right which he is entitled to have determined.

3. If the defendant has pleaded a counter-claim, while the plaintiff may be permitted to suffer a nonsuit as to his cause of action, the defendant will, nevertheless, be entitled to prosecute his counter-claim.

This was a CIVIL ACTION, heard before *Clark, J.,* on a motion by the plaintiff for restraining order and injunction. The cause was returnable to the May Term, 1887, of ANSON Superior Court.

On the motion of the plaintiffs without notice, a restraining order was issued by Judge Clark on the 2d day of April, 1887, with notice to the defendants to show cause, at Car-

thage, on Friday, the 22d of April, 1887, why the injunction prayed for in the complaint should not be granted.

The May Term of Anson Superior Court convened on Monday, the 2d day of May. Before the time for the hearing at Carthage, the counsel for the plaintiffs and the defendant entered into an agreement for the adjournment of said hearing to Wadesboro, in Anson County, on the 2d of May, 1887.

On the said 2d day of May the matter was called informally to the attention of the Court, but, by consent of counsel, the case was not taken up for hearing or consideration until Friday evening, the 6th of May, having been informally passed over until that time under the former agreement made as aforesaid.

At that time the motion for the injunction was taken up by the Court and the plaintiff Samuel Gatewood moved for a nonsuit. The Court heard all of the parties and announced that he would take the case under consideration, and at Lumberton. On the 27th day of May, 1887, the Court granted the injunction and allowed Samuel Gatewood's motion for a nonsuit.

At the time of the hearing on the 6th of May, the defendants had filed answers, which was done on the 2d day of May.

From the part of the judgment of the Court allowing Samuel Gatewood's motion for a nonsuit, the defendants, except C. M. Burns, appealed.

*Messrs. R. H. Battle* and *Jas. A. Lockhart*, for the plaintiffs.
*Mr. W. L. Parsons*, for the defendants.

MERRIMON, J. The appellant contended first, that the Court had no authority to hear and determine the motion for nonsuit out of term time. And certainly it could not do so unless by consent of parties, but it is well settled that

with such consent it could.   *Bynum* v. *Powe*, 97 N. C., 374, and the cases there cited.

We think it sufficiently appears from the record that the appellant gave such consent.   The motions for an injunction and nonsuit were argued in term, and the Court, just at the end of the term, signified its purpose to take time to consider them, as was common practice, and the appellant then made no objection.   Afterwards, at Chambers, and out of term, it seems from the recital in the judgment, the motions were again argued, and by counsel for the appellant without objection.   At all events, it does not appear that objection was made on the account mentioned until it was made in this Court.   The fair inference, therefore is, that the appellant consented that the Court might determine the motion out of term.   If he did not intend to do so, he should have so said to the Court in apt time.   His very intelligent counsel knew the course of practice in such matters, and, no doubt, would have made objection if there had been any purpose or desire to do so.   Moreover, it is not probable that the learned Judge would have heard the motion without proper consent.   By implication, at least, consent was given, and it was too late after judgment to raise such objection. *Coates* v. *Wilkes*, 94 N. C., 174; *Anthony* v. *Estes*, decided at the present term.

The cause of action alleged in the complaint is wholly equitable in its nature, and there is no reason why, in such a case, one of several parties plaintiff in a proper case shall not abandon, or ask the Court to dismiss the action as to himself, and thus pass entirely out of it, and substantially and in effect, under the prevailing method of civil procedure become *nonsuit*, unless some other party to the action shall have acquired some right or advantage, or a defendant shall have pleaded a counter-claim affecting adversely the party seeking to retire, that the party or defendant objecting is entitled to have settled and determined in the action.   The

party thus retiring from the action in such a case does not strictly take a *nonsuit,* but the Court, at his instance, allows him to abandon, depart, or withdraw from it, giving judgment against him for proper costs. *Lafoon* v. *Shearin,* 95 N. C., 391; *Bynum* v. *Powe, supra.*

At the time the appellee, "Samuel Gatewood, moved for a *nonsuit,*" the defendants had simply filed their answers, and no one of them pleaded a counter-claim. No order or judgment, interlocutory or otherwise, had been entered. As to the appellees they insisted that a tract of land mentioned in the complaint and claimed by him, and for which he had a deed of conveyance from his co-plaintiff, Gatewood, was subject to be sold to satisfy their debts, or some of them, but they acquired no right as against him by virtue of any thing done in the action.

As no counter-claim had been pleaded affecting the appellants, and no decree or decretal order had been made whereby the appellees, or one or more of them, had acquired rights in the action as against him, he was at liberty to dismiss or abandon the action, as the Court allowed him to do. See the cases above cited. *Watt* v. *Crawford,* 11 Paige, 470; Dar. Ch. Pr., 930. There is no error.

No error.