*PIEDMONT MANUFACTURING CO. v. W. T. BUXTON et al.

*Appeal—Sheriff's Return—Amercement—Nonsuit.*

1. Amercement, and not a civil action, is the remedy given against a Sheriff for not making "due and proper" return of process.

2. When no counter-claim is pleaded, a plaintiff has the right to take a nonsuit at any time before verdict or final judgment. An interlocutory judgment does not deprive a plaintiff of the right to take a nonsuit.

3. When, in an action against a Sheriff for a false return, the Court permits such return to be amended, the plaintiff should note his exception, and, unless the amended return is admitted to be true, proceed to try the issue. An appeal before final judgment on such admission, or a verdict, is premature and will be dismissed.

APPEAL from order of *MacRae, J.*, made at January Term, 1889, of NORTHAMPTON Superior Court, permitting a Sheriff to amend his return on an execution in an action against him for penalties on the said return, for being false and not "due and proper."

Mr. *R. B. Peebles*, for plaintiff.
Mr. *W. J. Peele*, for defendants.

CLARK, J.: This is an action brought against the Sheriff upon his official bond for a return upon an execution in favor of relator against one J. D. Boone, as follows: " No property to be found in my county, claimed by defendant, subject to execution." The complaint alleges, as a first cause of action, that this was not " a due and proper return," and a second cause of action, that the " return was false in fact," and judgment is demanded for penalty of $100 on first cause of action, and $500 on second cause of action, both " as

---

* Head-notes by CLARK, J.

imposed by *The Code,* § 2079." The defendant Sheriff, in his answer, asked leave to amend his return, and also filed an affidavit and moved thereon for leave to amend, by striking out the words " claimed by," in said return, and writing " belonging to" instead. The Court granted the motion, and plaintiff appealed. The next day the plaintiff moved to be allowed to enter a *nol. pros.* as to the second cause of action (for $500 penalty), and for judgment for the $100 penalty upon the admissions in the answer, and from the refusal thereof by the Court, again appealed. In this Court, the defendant moved to dismiss the action because the complaint did not state a cause of action, and because the remedy as to the $100 penalty was by motion to amerce and not by civil action.

The plaintiff would be entitled to any relief applicable to the facts alleged and proven, though not such as demanded in the prayer for relief. *Robinson* v. *Hodges,* at this term, and cases cited. Therefore, on the defendant's motion, it is necessary to examine all the statutes giving penalties for " undue " or " false" returns, for if the plaintiff's allegations bring the case within any one of them, there is a cause of action stated, although he may not be entitled to the relief, " under section 2079," as prayed.

*The Code,* § 446, provides for an amercement *nisi,* on motion, for $100 for failure to make due return. Section 1112 gives to any one who will sue, a civil action for $100 for " neglecting or refusing" to return process, or making a " false return," or assuming to act as Sheriff, &c., without authority. Neither of these sections authorizes this action; 446 authorizes an amercement only, not a civil action; 1112 is found in the chapter on " Crimes and Punishments," and it is held in *Harrell* v. *Warren,* 100 N. C., 259, to apply only when criminal process is delivered to an officer. The plaintiff's remedy must be found, if at all, in the section 2079, relied on by him.

Section 2079 authorizes the following penalties and reme-dies: 1. An amercement *nisi* for $100, on "motion and proof" by the party aggrieved, for failure to "execute and make due return." 2. A *qui tam* action for penalty of $500 for a "false return," one moiety to the party aggrieved, and the other to any one who will sue for the same. 3. An action for damages by the party aggrieved. 4. An amercement *nisi* for $100 in Justices' Court, on "motion and proof" by the party aggrieved, for "neglect or refusal" to execute pro-cess of such Court.

The $100 penalty for failure to make "due" return is obtainable only by amercement, and not by a civil action, as is here sought. The plaintiff has not stated any facts, there-fore, to constitute his first cause of action. There is no alle-gation, or cause of action, set forth for damages. The second cause of action for $500 penalty for "false return," is prop-erly sought to be maintained by civil action. But as to this the plaintiff asked to take a nonsuit, and one of his assign-ments of error is for the refusal of the Judge below to allow it to be entered. And as to this the Court below erred. It needs no citation of authority, as was said in *Mauney* v. *Long*, 91 N. C., 170, that a plaintiff cannot enter a nonsuit after verdict or final judgment, but it is equally clear that when no counter-claim is pleaded the plaintiff can take a nonsuit, as a matter of right, at any time before verdict or final judg-ment. It is true no entry to that effect could be made while the case was pending on appeal in this Court (*Hinson* v. *Adrian*, 91 N. C., 372), but during the term the taking of the appeal was *in fieri*. *Turrentine* v. *R. R.*, 92 N. C., 642. The nonsuit should have been allowed, for no verdict or final judgment had been entered. There was nothing except a judgment upon a motion in the cause, and for this reason also the appeal was premature, and must be dismissed. *Wal-lace* v. *Douglas*, at this term, and cases there cited. The plaintiff should have had his exception entered, and pro-

ceeded to try the issue of fact as to the falsity of the return as amended. If that were found for him, then the amendment of process would be immaterial, and no appeal necessary. If the issue on the amended return were found against the plaintiff, then his exception to the order allowing the amendment could be brought up for review.

It is not necessary now, that we pass upon the questions, whether the Judge could allow the amendment of the Sheriff's return after action brought to recover penalties for its falsity, nor whether such amendment, if allowed, should be granted on motion in the original cause in which the return was made, or in this action. We may note, however, that it is not very clear how the plaintiff could have been prejudiced, as to the second cause of action, which alone is valid, by the amendment. The amended return, "no property *belonging* to defendant (Boone) to be found in the county," is broader, and puts a greater responsibility for the truthfulness of it on the Sheriff, and it will be quite sure to embrace not all "claimed" by the defendant in the execution, but possibly more. While the original return was certainly not "due and proper" return, and, unless amended, subjected the Sheriff to amercement, it is not so clear that it could be classed as a false return (*Lemit* v. *Mooring*, 8 Ired., 312), but we refrain from deciding the point. These views probably occurred to the plaintiff and induced his attempted abandonment of that cause of action. As the nonsuit has not yet been entered, the plaintiff still has the right to take it below. If he elect, however, to proceed on the second count, he is entitled to amend his complaint to charge the amended return as "false in fact." Should he admit the truth thereof, or it be found against him by the jury, an appeal from the final judgment will then bring up for review the exception taken to the power of the Judge to allow the amendment of the Sheriff's return.

Appeal dismissed.