E. H. PASS v. JOHN W. PASS AND WIFE.

*Counter-claim — Nonsuit — Fraud.*

In an action to foreclose a mortgage, the defendant, among other things, set up the defence that the transaction was fraudulent, having been entered into by the parties (brothers) for the purpose of defrauding the mortgagor's creditors.   On the trial the plaintiff asked to be allowed to take a nonsuit, but that was denied and the trial ordered to proceed:   *Held*, that the parties being *particeps criminis* to the fraud, there was no such counter-claim set up in the pleadings as the law would recognize; that the Courts would not aid either party, and there was error in refusing to allow the plaintiff to abandon his action.

CIVIL ACTION, tried at Spring Term, 1891, of SURRY Superior Court, *Bynum, J.,* presiding.

The plaintiff brought this action to recover the debt and foreclose the mortgage of land to secure it specified in the complaint.   The answer denies the material allega-

tions of the complaint, and, among other things, alleges
"that said note and mortgages, referred to in the complaint,
was a fraudulent arrangement entered into between plaintiff
and defendant for the purpose and with the intent to hinder,
delay and defraud the creditors of this defendant at the
request of plaintiff, and through the advice and counsel of
plaintiff in this action, he being an older brother of defend-
ant, and defendant relying upon his advice and counsel."
It further alleges a counter-claim which it is conceded may
be litigated in this action, but it is not material here.   The
answer demands judgment, that the said note be surrendered
to the defendant and that the mortgage be cancelled, etc.
The plaintiff asked, at the proper time, to be allowed to
"take a nonsuit" as to his alleged cause of action, but the
Court denied his motion, and made an order, of which the
following is a copy:

"This cause, coming on to be heard upon complaint,
answer and replication and the plaintiff's motion for nonsuit,
and it appearing that the defendants have set up an equi-
table defence to the plaintiff's cause of action, to-wit, that
the bond and deed declared on by plaintiff were fraudulent,
and insist upon the issue being tried by a jury, it is adjudged
that plaintiff's motion be denied and the cause stand for
trial upon the issues raised by defendant's answer."

Plaintiff excepted and appealed.

*Mr. C. B. Watson,* for plaintiff.
*Messrs. T. C. Phillips* and *A. E. Holton,* for defendant

MERRIMON, C. J.:   Very certainly the plaintiff had the
right to dismiss his action as to his cause of action, and, in
effect, become nonsuit under the present method of civil pro-
cedure, unless the defendant pleaded, by his answer, a coun-
ter-claim arising out of and involving the plaintiff's alleged
cause of action.   This is so, whether the cause of action be

legal or equitable, or both legal and equitable, and for the like reasons, that need not be here restated. *Whedbee* v. *Leggett*, 92 N. C., 469; *Bank* v. *Stewart*, 93 N. C., 402; *McNeill* v. *Lawton*, 97 N. C., 16; *Bynum* v. *Powe, Ibid*, 374; *Gatewood* v. *Leak*, 99 N. C., 363; *Manufacturing Co.* v. *Buxton*, 105 N. C., 74.

Then, did the defendant allege a counter-claim growing out of and involving the plaintiff's cause of action? We think not. He alleges, in general terms and effect, that the plaintiff's cause of action, the note and mortgage, was a fraudulent transaction suggested by the plaintiff and participated in by the plaintiff and himself for the purpose of hindering, delaying and defrauding the defendant's creditors. In such case the Court will not help either of the parties. The cause of action is thoroughly tainted with fraud, and both parties are *particeps criminis*. The plaintiff alleges no honest cause of action, and the defendant has no counter-claim, in any aspect of the matter, that the Court will take notice of and enforce. The parties are in *pari delicto*. Hence, there is no reason why the plaintiff may not abandon his action and go out of Court.

It seems that the defendant may have intended to allege the fraud of the plaintiff, and that he did not intentionally share therein; that the plaintiff was intelligent and he was ignorant; that he, hence, confided in his brother, who misled, entrapped, deceived and defrauded the defendant for his own gain and advantage; but clearly he did not so allege in terms or effect. If he might have alleged a possible case in which the Court could and would have granted relief to him, he might have asked leave to amend his answer, but he did not do so. Hence, the plaintiff was entitled to have his motion allowed.

There is error. The order appealed from must be reversed and the motion of plaintiff allowed, unless the Court shall, for cause satisfactory to it, allow the defendant to amend his answer.

Error.