The plaintiff had a right to insist upon a judgment of nonsuit at the close of the evidence, in deference to the intimation of the court, unless the defendant had set up in its answer a counterclaim, which, if made good by the proof, would entitle the town to affirmative relief. Mfg. Co. v. Buxton, 105 N.C. 74; Pass v. Pass,109 N.C. 484. The defendant might have made the subscription to the capital stock of the company dependent upon the completion of its road to a certain point before a given time, and the failure to do so was *Page 207 
an oversight for which the plaintiff here, who was, at most, not bound to look further than to see whether those things that were essentially prerequisite as to the issuing of a valid municipal bond had been done, cannot be made to suffer. It was competent for the State to authorize the institution of a suit to dissolve the corporation for nonuser of its powers (Bass v. Navigation Co., 111 N.C. 439), but the validity of the coupons sued upon cannot be drawn in question in any such indirect way as that relied upon in the answer. The mere prayer, at the conclusion of the answer, that the bonds and coupons, of which the plaintiff claimed to be the owner, should be surrendered up to be canceled, is not of itself such a demand for affirmative relief as would entitle the defendant to insist upon a verdict and judgment thereon instead of judgment of nonsuit. It is not the formal demand, but the preceding averments, that constitute the independent cause of action, which the defendant has elected to set up as a counterclaim when sued for any matter growing out of the same transaction, or to make the ground of a new suit. The defendant has failed to make any allegations which would entitle it to affirmative relief. The mere denials, which put at issue the allegations upon which the plaintiff bases its claim to relief, are plainly insufficient; and, for the reasons given, the averment of facts upon which the State might proceed for the forfeiture of the company's franchise, would not constitute an independent cause of action in favor of (381) the defendant.
We see no sufficient reason to take this case out of the general rule that the plaintiff may submit to judgment of nonsuit, and appeal, when the court makes an intimation adverse to him at the conclusion of the evidence.
The ruling of the court, in so far as it allowed the judgment of nonsuit to be entered, was
No error.
Cited: Claybrook v. Comrs., 117 N.C. 459; Bank v. Comrs., 119 N.C. 215,219; Glenn v. Wray, 126 N.C. 731, 732; Ramsey v. Browder, 136 N.C. 253;Merrick v. Bedford, 141 N.C. 506; Bank v. McCaskill, 174 N.C. 364. *Page 208