## OLMSTED v. SMITH.

(Filed December 8, 1903.)

1. NON-SUIT — *Dismissal* — *Injunction* — *Quieting Title* — *Counter-claim—Acts 1893, ch. 6.*

   In an action to quiet title to land, an injunction having been issued to prevent the defendant from cutting timber, the plaintiff may take a non-suit, although the defendant claimed damages by reason of the injunction.

2. NON-SUIT—*Counter-claim—The Code, sec. 244, subsec. 2.*

   Where a defendant sets up a counter-claim which does not arise out of the same transaction as the cause of action of the plaintiff, the plaintiff may submit to a non-suit.

ACTION by A. G. Olmsted and others against George Smith and others, heard by Judge *E. B. Jones*, at June Term, 1903, of the Superior Court of BURKE County. From a judgment denying a non-suit the plaintiff appealed.

*J. T. Perkins, E. J. Justice* and *S. J. Ervin*, for the plaintiffs.

*Avery & Avery* and *Avery & Ervin*, for the defendants.

MONTGOMERY, J. This action was brought by the plaintiffs to have an adverse claim of the defendants to the land

described in the complaint determined under chapter 6 of the Acts of 1893. The plaintiffs allege that they are in possession of the lands; that the defendants have cut and are cutting large quantities of timber therefrom, and that they are insolvent, and pray judgment that the defendants, their agents, etc., etc., be enjoined and restrained from cutting timber or otherwise trespassing on said land, and that a receiver be appointed to take charge of and sell or preserve the shingleblocks or timber cut on the lands and hold the proceeds until the final determination of the action. The defendants, in their answer, denied the material allegations of the complaint and prayed judgment "that the restraining order be vacated and that the plaintiffs take nothing by their writ and these defendants go hence without day and recover of the plaintiffs their costs in this behalf expended." At the Fall Term, 1901, of Burke Superior Court the defendants made a motion to have the injunction vacated and set aside, and the motion was granted except as to the land included in the boundaries of the grant to James Greenlee, William and James Erwin.

At the June Term, 1903, of that Court the plaintiffs came into court and asked to take a non-suit. The defendants objected, on the ground that an injunction had been issued against the defendants, and the damages sustained by reason of said injunction should be assessed; and the Court declined to allow the non-suit. The ground assigned by the defendants as a reason why the plaintiffs should not be allowed to be non-suited is not tenable. *Railroad v. Mining Co.,* 117 N. C., 191; *Timber Co. v. Rountree,* 122 N. C., 45. But in the argument here the defendants' counsel took the position that this was a suit of an equitable nature and that the defendants had acquired equitable rights by the judgment of the Court which modified the injunction order. If this case were governed by the old equity practice the position of the defendants would still be untenable, for the defendants have acquired

no rights under the modifications of the injunction order, even if that order be considered a decree. The main cause of action here is to have the title to the land described in the complaint settled, and the injunction was simply an ancillary remedy. In fact, the defendants in their prayer for judgment asked for the very thing that the plaintiff is now seeking to do—to put an end to the action. The defendants set up no affirmative demand in their answer. The cases which they cite in support of their proposition—*Purnell v. Vaughan,* 80 N. C., 46, and *Bynum v. Powe,* 97 N. C., 374—afford no support to it. In the first-mentioned case, after an injunction had been granted, an account was taken and a report made by a commissioner appointed for that purpose, and that report gave the party a right or advantage which he had the right to have tried and settled in the action. "After an order to account and report made, the plaintiff cannot dismiss on payment of costs. 2 Danl. Ch. Pr., 930." The same rule is laid down in *Bynum v. Powe, supra.* In all other cases under the present method of civil procedure there is but one form of action, and the plaintiff may, no matter what may be the nature of the cause of action, voluntarily submit to a judgment of non-suit before verdict or final judgment, except when the defendant has a cross-action in the nature of a counter-claim, in which he becomes the actor. *Mfg. Co. v. Buxton,* 105 N. C., 74. And even if the defendant in an action sets up a counter-claim which falls under subdivision 2 of section 244 of The Code—that is, where the counter-claim does not arise out of the same transaction as the plaintiff's cause of action—the plaintiff may submit to a non-suit. *Whedbee v. Leggett,* 92 N. C., 469; *McNeill v. Lawton,* 97 N. C., 16.

Reversed.