### In re R. J. BAKER.

(Filed 27 February, 1924.).

**Appeal and Error—Municipal Corporations—Cities and Towns—Condemnation of Lands—Nonsuit—Judgments—Fragmentary Appeal.**

> No appeal to the Superior Court lies by the respondent in proceedings to condemn his lands by a city for street purposes until the town has affirmed the report of the commissioners appraising the value. Upon an appeal, the city may take a voluntary nonsuit upon payment of costs where no counterclaim has been pleaded by the respondent and he has set up no equity in the matter that will entitle him to affirmative relief.

Appeal by Baker from *Kerr, J.,* at October Term, 1923, of Hertford.

In September, 1919, the mayor and board of commissioners of Ahoskie instituted a proceeding to condemn a strip of the property of R. J. Baker, 50 feet wide and 70 feet deep, in order to connect Hayes Avenue and Second Street of the town, by condemning said property, and the board of commissioners appointed a committee to make the appraisement, and they reported that they agreed that the condemnation was necessary for said purposes and that the value of the property was $1,250. From the above finding of the board and valuation, Baker gave notice of appeal to the Superior Court of Hertford. The case received no action in the Superior Court until October Term, 1923, R. J. Baker having died in the meantime. At October Term, 1923, of Hertford, his personal representative and heirs at law having been made parties, the following judgment was rendered by Kerr, J.: "It appearing to the court that the petitioner, the town of Ahoskie, is not in immediate need

of the land described in the petition, and never having used or exercised any authority or acts of occupation over said land, and whatever interest or title the said town of Ahoskie may have acquired by reason of said condemnation proceedings it now relinquishes the same, and such rights and interests now revert in fee simple to R. J. Baker and his heirs forever. On motion of W. R. Johnson, attorney of the town of Ahoskie, petitioner, it is considered, ordered, and adjudged that the condemnation proceedings in this action be and the same is hereby dismissed by the court. It is further adjudged that the town of Ahoskie pay the costs, to be taxed by the clerk of the court." The respondents appealed.

*Walter R. Johnson for town of Ahoskie.*
*John E. Vann and D. C. Barnes for appellant.*

CLARK, C. J. There was no trial, judgment of condemnation or affirmation in this case by the town of Ahoskie or in the Superior Court. There was a proceeding begun for condemnation and a report of the commissioners appointed, that they thought that the condemnation should be made and that the value of the property was $1,250. An appeal was taken from this in October, 1919, but it was premature for there was no judgment of the board from which the appeal could be taken. C. S., 1723. It pended in the Superior Court for four years, and then the proceeding was abandoned by the town by entry of a nonsuit, as it had a right to do.

In *R. R. v. R. R.,* 148 N. C., 64, it was held: "Neither party is entitled to trial by jury until the coming in of the report and after its confirmation." The proceedings were entirely irregular, and at October Term, 1923, the town made a motion of nonsuit and discontinued the proceeding. The court refused to proceed with the case on this record, allowed the discontinuance or nonsuit, and properly adjudged the costs against the town. The appellant admits in his brief that the appraisement had not been reported to the board of commissioners of the town and confirmed by them. The appellant's brief says that he moved to "allow the report of the board of appraisers to be confirmed." In *Cahoon v. Brinkley,* 168 N. C., 258, it is said: "The plaintiff had a right to submit to a judgment of nonsuit, inasmuch as no verdict had been rendered."

It does not appear in fact that anything has been done except the order for an appraisement and a report by them which, without confirmation by the board, was improvidently appealed to the Superior Court, and after sleeping there for four years, the town asked to have the action dismissed at its own cost.

The court found as a fact, as set out in the record, that the town has never been in possession of the strip of land, and had never exercised any ownership or authority over it, and there is nothing in the record showing any judgment or confirmation by the commissioners of the town which conferred any interest or lien in the land or authority over it against the respondents. The respondent had appealed, it is true, but he had set up no counterclaim, and there was no equity involved. The town had a right to take a nonsuit in the proceeding upon payment of the costs.

Affirmed.