NANTAHALA POWER AND LIGHT COMPANY v. WHITING MANUFAC-
TURING COMPANY AND IRVING TRUST COMPANY, TRUSTEE.

(Filed 26 February, 1936.)

**1. Trial D e—**

In a civil action where no counterclaim is set up and no rights have
accrued, plaintiff may take a voluntary nonsuit at any time before the
rendition of a complete verdict sufficient to support a judgment.

**2. Eminent Domain D e—Petitioners in condemnation proceedings may
abandon proceedings after report but before confirmation.**

Petitioners in condemnation proceedings may abandon the proceed-
ings and take a voluntary nonsuit, upon payment of costs, even after
the commissioners appointed by the court have made their appraisal
and report and petitioners have filed exceptions thereto, provided peti-
tioners abandon the proceedings before confirmation of the com-
missioners' report, since it is provided by C. S., 752, that special pro-
ceedings shall be governed as near as may be by the rules governing
civil actions, and since the respondents have suffered no loss, the right
to sell the land not being defeated by the institution of the proceed-
ings, and petitioners not having entered into possession and having no
right to do so until payment of the appraised value into court, C. S.,
1723, and judgment that the proceedings be dismissed on motion of
petitioners, and the cause retained for assessment of costs against
petitioners, is upheld in this case.

APPEAL by defendants from *Warlick, J.,* at September Term, 1935, of
GRAHAM. Affirmed.

This was a proceeding instituted by petitioners to condemn certain
land of the respondents for hydroelectric development. The clerk of the
Superior Court of Graham County appointed commissioners to view and
appraise the value of the described land, and the named commissioners
thereafter made their report appraising the value of said land at $165,-
000. To this report petitioners filed exceptions, and when the matter
came on for hearing on said report before the clerk, and before it was
heard, petitioners moved to be allowed to take a voluntary nonsuit. The
clerk overruled the motion of petitioners for nonsuit, and subsequently,
on the same day, on motion of respondents, confirmed the report of the
commissioners, whereupon the whole matter was appealed to the Supe-
rior Court at term.

From judgment of Warlick, J., reversing the clerk, adjudging that
petitioner had right to take a nonsuit, and directing judgment of non-
suit, respondents appealed to this Court.

*Black & Whitaker and J. N. Moody for petitioners.*
*Jones & Ward, T. M. Jenkins, and R. L. Phillips for respondents.*

DEVIN, J. The single question presented by this appeal is whether petitioners in a condemnation proceeding, after commissioners have made their appraisal and report, and exceptions are filed, but before confirmation, can submit to a voluntary nonsuit and abandon the proceeding.

In civil actions, the right of the plaintiff to submit to a voluntary nonsuit is unquestioned, where no counterclaim is set up in the answer and no rights have accrued.

At common law a voluntary nonsuit was an abandonment of the cause by a plaintiff who allowed judgment for costs to be entered against him by absenting himself or failing to answer when called upon to hear the verdict. 18 C. J., 1146; *McKesson v. Mendenhall,* 64 N. C., 502. It is a well settled rule of procedure in this jurisdiction that a nonsuit may be taken at any time before verdict. McIntosh Prac. and Proc., sec. 628. And this right continues even after the jury has attempted to render a verdict, with some, but not all, of the issues answered, where the verdict is not accepted by the court and the jury is sent back with instructions to respond to the unanswered issues. *Oil Co. v. Shore,* 171 N. C., 52; *Cahoon v. Brinkley,* 168 N. C., 257.

However, a proceeding to condemn land under statutory power is a special proceeding and is so denominated by the statute, C. S., 1715. But C. S., 752, requires that, "except as otherwise provided," special proceedings shall be governed by the same rules laid down for civil actions.

And in C. S., 1729, we find this language: "In all cases of appraisal under this chapter where the mode or manner of conducting all or any of the proceedings to the appraisal and the proceedings consequent thereon are not expressly provided for by the statute, the courts before whom such proceedings may be pending shall have the power to make all the necessary orders and give the proper directions to carry into effect the object and intent of this chapter, and the practice in such cases shall conform as near as may be to the ordinary practice in such courts."

The statutes regulating the practice and procedure for the condemnation of land make no specific reference to the question whether at any time the petitioner may abandon the proceeding and submit to nonsuit, but they do recognize the fact that the petitioner may elect not to complete the proceeding, and provision is made therefor. The procedure subsequent to the filing of report by the commissioners is set forth in C. S., 1723. In this last mentioned section it is provided that the petitioners may not enter into possession of the property sought to be condemned until the amount appraised has been paid in full, and that upon confirmation of appraisers' or commissioners' report and payment of the amount into court the title of the landowner shall be divested, and concludes with this language: "If the amount adjudged to be paid the

owner of any property condemned under this chapter shall not be paid within one year after final judgment in the proceeding, the right under the judgment to take the property or rights condemned shall *ipso facto* cease and determine, but the claimant under the judgment shall still remain liable for all amounts adjudged against him, except the consideration for the property."

In other words, after final judgment fixing petitioner's rights to condemn, and the value of the land, if the appraised value of the land be not paid within one year, the petitioner's right to take the property shall end, and the petitioner or claimant shall not be liable for the consideration (value of the land), but shall be liable for all costs adjudged against him.

Hence, it appears that the title of the landowner is not divested until final confirmation and the payment in full of the amount appraised. The right to convey the land is not affected by the mere filing of condemnation proceedings, nor by appraisement without confirmation and payment, as all rights would pass to the grantee. *Liverman v. R. R.,* 109 N. C., 52; *Beal v. R. R.,* 136 N. C., 298; C. S., 1730.

In the case at bar no rights had been acquired. There was no attempt to enter into possession of or exercise any authority over the property described in the petition, nor was there interference with the rights of respondents thereto, except to file the petition and present evidence before the appraisers.

As was held in *Pullman Car Co. v. Transportation Co.,* 171 U. S., 138: "There must be some plain legal prejudice to defendant to authorize a denial of the motion to discontinue; such prejudice must be other than the mere prospect of future litigation rendered possible by the discontinuance. If the defendants have acquired some rights which might be lost or rendered less efficient by the discontinuance, the court may deny the application."

In *R. R. v. R. R.,* 148 N. C., 59, plaintiff was not permitted to take a nonsuit in a condemnation proceeding where it had entered and begun work on the land, under court order giving it exclusive possession.

In *Goldsboro v. Holmes,* 183 N. C., 203, the question of the right to take a nonsuit in condemnation proceedings was debated, but the appeal was disposed of on another ground without deciding the question now presented.

But in *In re Baker,* 187 N. C., 257, the question seems to have been determined against the respondent. There the town of Ahoskie was permitted to enter nonsuit in the Superior Court in a proceeding to condemn land. The town had instituted proceedings to condemn land, appraisers had been appointed, and report filed fixing value of the property at $1,250. From the finding of the board and the valuation, Baker,

the landowner, appealed to the Superior Court. Subsequently, in that court, on motion of the town, judgment was entered dismissing the proceedings. In the opinion of the court, by *Clark, C. J.,* it is stated : "The court found as a fact, as set out in the record, that the town has never been in possession of the strip of land, and had never exercised any ownership or authority over it, and there is nothing in the record showing any judgment or confirmation by the commissioners of the town which conferred any interest or lien in the land or authority over it against the respondents. The respondent had appealed, it is true, but he had set up no counterclaim, and there was no equity involved. The town had a right to take a nonsuit in the proceeding upon payment of the costs."

*In re Baker, supra,* is cited in *Board of Education v. Forrest,* 193 N. C., 519.

The statute, C. S., 1723, contemplates that in the event, for any reason, the condemnation proceedings are not carried through, all the costs of the proceeding, except the appraised value of the land, shall be paid by the petitioners, and the judgment appealed from retains this case on the docket for the determination of the amount of costs adjudged against petitioner. We do not think the respondents are entitled to more.

Upon reason and authority, we conclude that the judgment of the court below must be

Affirmed.