J. A. SINK ET AL. v. A. E. HIRE ET AL.

(Filed 30 June, 1936.)

**Trial D e—Where answer does not entitle defendants to affirmative relief, plaintiff may take voluntary nonsuit before verdict as matter of right.**

Plaintiffs instituted this action to restrain collection of drainage assessments, to remove cloud on title, and to have defendant drainage district declared null and void. Defendants denied the allegations of the complaint and pleaded *res judicata.* During the progress of the trial one of plaintiffs' attorneys became ill and plaintiffs sought a voluntary nonsuit. Defendants objected on the ground that the action was a proceeding *in rem,* and the trial court refused to permit plaintiffs to take a nonsuit. *Held:* The plea of *res judicata* is a plea in bar and does not set up a cross action, and no rights having attached in defendants' favor which they were entitled to have determined in the action, plaintiffs were entitled to take a voluntary nonsuit as a matter of right.

APPEAL by plaintiffs from *Hill, Special Judge,* at November Term, 1935, of FORSYTH.

Civil action to restrain collection of drainage assessments, to remove cloud from title, and to have Forsyth County Drainage District No. 2 declared null and void.

Answer by defendants denying allegations of complaint, pleading *res judicata,* and praying that plaintiffs' action be dismissed.

During the progress of the trial, J. M. Wells, Jr., leading counsel for plaintiffs, was taken ill and was unable to appear in court on the second

day; whereupon other counsel for plaintiffs asked that a juror be withdrawn and a mistrial ordered, as they were not able to proceed without the presence and assistance of Mr. Wells. Overruled; exception.

The plaintiffs then announced in open court that they elected to take a voluntary nonsuit. Objection by defendants on the ground that the action is a proceeding *in rem.* The court declined to permit the plaintiffs to take a nonsuit. Exception.

From verdict and judgment for defendants the plaintiffs appeal, assigning errors.

*Elledge & Wells and Parrish & Deal for plaintiffs, appellants.*
*Manly, Hendren & Womble and W. P. Sandridge for defendants, appellees.*

STACY, C. J. No rights of the defendants having attached by plea, decretal order, verdict, or otherwise, it would seem the court's refusal to allow the plaintiffs to suffer a voluntary nonsuit is at variance with the practice established by a number of decisions. *Oil Co. v. Shore,* 171 N. C., 51, 87 S. E., 938; *Olmsted v. Smith,* 133 N. C., 584, 45 S. E., 953; *Pass v. Pass,* 109 N. C., 484, 13 S. E., 908; *Bynum v. Powe,* 97 N. C., 374, 2 S. E., 170; *Graham v. Tate,* 77 N. C., 120. In the absence of some right attaching which the defendant is entitled to have determined in the action, it is generally understood that "the plaintiff can take a nonsuit, as a matter of right, at any time before verdict." *Mfg. Co. v. Buxton,* 105 N. C., 74, 11 S. E., 264; *Campbell v. Power Co.,* 166 N. C., 488, 82 S. E., 842; *Cahoon v. Brinkley,* 168 N. C., 257, 84 S. E., 263; *Carpenter v. Hanes,* 167 N. C., 551, 83 S. E., 577; *Caldwell v. Caldwell,* 189 N. C., 805, 128 S. E., 329; *Bank v. Stewart,* 93 N. C., 402.

The party retiring is not, in a strict sense, said to take a nonsuit, "but is allowed to withdraw or depart with costs against him." *Gatewood v. Leak,* 99 N. C., 363, 6 S. E., 706; *Lafoon v. Shearin,* 95 N. C., 391. "As the plaintiff possessed the power of becoming nonsuit when called before verdict, it became a general practice to allow him to do so at any time before verdict, when he desired from any cause to abandon his action. So long as he is merely a plaintiff, the court has no means by which he can be compelled to appear and prosecute his suit against his will, and no injury can result from allowing him to abandon it"—*Rodman, J.,* in *McKesson v. Mendenhall,* 64 N. C., 502. The following cases are also in point and to the same effect: *In re Baker,* 187 N. C., 257, 121 S. E., 455; *Dawson v. Thigpen,* 137 N. C., 462, 49 S. E., 959; *Rumbough v. Young,* 119 N. C., 567, 26 S. E., 143.

The trial court seems to have interpreted the answer as setting up a cross action, but *res judicata* is usually regarded a plea in bar. 15 R. C. L., 1045, *et seq.* Indeed, the appropriateness of a cross action in the present proceeding may be doubted. *S. v. Lbr. Co.,* 199 N. C., 199, 154 S. E., 72.

The principles announced in *R. R. v. R. R.,* 148 N. C., 59, 61 S. E., 683; *Waddell v. Aycock,* 195 N. C., 268, 142 S. E., 10, and others of similar import, cited and relied upon by defendants, are not applicable to the present record. *Killian v. Chair Co.,* 202 N. C., 23, 161 S. E., 546.

The verdict and judgment will be stricken out and the cause remanded for judgment dismissing the action as in case of nonsuit.

Reversed.