DONALD SCOTT v. ROSLYN KERN SCOTT.

(Filed 14 June 1963.)

**1. Judgments § 2; Trial § 29—**

Under G.S. 7-65 as amended, a resident judge has jurisdiction to hear and determine in chambers, motion for judgment of voluntary nonsuit.

**2. Trial § 29; Divorce and Alimony § 1—**

The rule that plaintiff is entitled as a matter of right to take a voluntary nonsuit if defendant has not set up a counterclaim arising out of

SCOTT *v.* SCOTT.

the same transaction alleged in the complaint *is held* to apply to actions for divorce.

**3. Trial § 29;  Divorce and Alimony § 16—**

Plaintiff in an action for absolute divorce is entitled as a matter of right to take a voluntary nonsuit upon paying costs and alimony *pendente lite* to the date of motion, notwithstanding he has notice of defendant's intention to file a cross action for alimony without divorce, and, the nonsuit having been taken, no action is pending in which defendant may amend her answer to assert such cross action.

APPEAL by defendant from *Johnston, J.,* Resident Judge of the twenty-first Judicial District at CHAMBERS on January 19, 1963.

This action for an absolute divorce on the grounds of two years separation was instituted on Sepember 19, 1961 by the husband against the wife, a resident of New York. Plaintiff alleged that he had been a resident of Forsyth County, North Carolina, for the preceding six months. Answering the complaint, defendant admitted the marriage, her residence in New York, and that one child had been born to the union. All other allegations defendant denied. She specifically alleged that plaintiff himself was a resident of New York and that the Superior Court of North Carolina had no jurisdiction of the parties. She averred further that the plaintiff had abandoned the defendant in New York without just cause or provocation, but she asked for no affirmative relief. She prayed that the plaintiff's action be dismissed and divorce be denied. On May 17, 1962, she filed a motion for alimony *pendente lite.* On June 28, 1962, Judge Walter E. Johnston, Jr., the Resident Judge of the Twenty-first Judicial District, heard the motion and ordered plaintiff to pay defendant $1,350.00 per month for the support of herself and the minor child pending the further orders of the court and to pay defendant's counsel fees to date.

On November 28, 1962, counsel for defendant, by letter, advised plaintiff's counsel that on December 10, 1962 at 10:00 a.m. she would move to be allowed to amend her answer to set up a cross action for alimony without divorce on the alleged grounds of plaintiff's adultery and willful abandonment of defendant. He enclosed a copy of the proposed amendment. On December 7, 1962, plaintiff's attorney requested defendant's attorney to continue the matter from December 10th so that he could confer with his client in New York. Counsel agreed to the continuance.

On December 17, 1962, plaintiff filed a written motion with the clerk of the Superior Court reciting that he had paid all counsel fees and alimony *pendente lite* ordered by Judge Johnston; that he desired to terminate this action and that he "hereby submits to a

voluntary judgment of nonsuit." He moved that a judgment of voluntary nonsuit be entered and the action be dismissed. On December 18, 1962, the defendant filed the motion to be allowed to amend her answer by setting up the cross action for alimony without divorce.

Plaintiff's motion came on to be heard before the clerk on January 8, 1963. Defendant's motion had not been heard. The clerk found the facts substantially as stated above and declined to pass on plaintiff's motion for a voluntary nonsuit. Plaintiff excepted and appealed to the Superior Court.

Judge Johnston, over the objection of the defendant that plaintiff's motion for judgment of voluntary nonsuit could not be considered by the resident judge out of term but only by the judge presiding at term, heard the appeal in chambers on January 19, 1963. He allowed plaintiff to take a nonsuit but refused to dismiss the action. His judgment was signed "January 26, 1963 for January 19, 1963."

The record states: "The defendant's amendment to answer was again filed of record on January 26, 1963 and served on plaintiff's attorney of record on January 26, 1963."

Defendant appealed to this Court assigning as error the action of the resident judge: (1) in allowing plaintiff's motion for judgment of nonsuit in chambers and (2) in allowing the motion after defendant had filed her motion for leave to allege her cross action.

*McLennan & Surratt and Weidlich & Rogers for plaintiff appellee.*
*Womble, Carlyle, Sandridge & Rice by Charles F. Vance, Jr., and Erdheim & Armstrong for defendant appellant.*

Sharp, J. Defendant's first assignment of error raised the question, does a resident judge have jurisdiction to pass upon a motion of nonsuit in chambers?

Since the enactment of Chapter 142, Public Laws of 1945, (now the first proviso in G.S. 7-65) the answer has been YES. Prior thereto, it was NO. McIntosh, North Carolina Practice and Procedure, (1st ed.) Section 630; *Bynum v. Powe,* 97 N.C. 374, 2 S.E. 170; *McFetters v. McFetters,* 219 N.C. 731, 14 S.E. 2d 833.

Chapter 92, Public Laws of 1921, Extra Session (now G.S. 1-209) gave the clerks of the Superior Court authority to enter judgments of nonsuit and certain other judgments. Thereafter, the authority of the clerk to enter judgments of nonsuit was concurrent with that of the judge at term. *Hill v. Hotel Co.,* 188 N.C. 586, 125 S.E. 266; *Caldwell v. Caldwell,* 189 N.C. 805, 128 S.E. 329; *Ward v. Agrillo,* 194 N.C. 321, 139 S.E. 451. However, since February 14, 1945 a resident judge's

jurisdiction to enter a voluntary nonsuit is not confined to term. By Chapter 78, Public Laws of 1951, the legislature amended G.S. 7-65 to give similar powers to any Special Superior Court Judge residing in the district.

G.S. 7-65 now provides, in part, as follows:

> "*Jurisdiction in vacation or at term.* — In all cases where the superior court in vacation has jurisdiction, and all of the parties unite in the proceedings, they may apply for relief to the superior court in vacation, or in term time, at their election. The resident judge of the judicial district and any special superior court judge residing in the district and the judge regularly presiding over the courts of the district, shall have concurrent jurisdiction in all matters and proceedings where the superior court has jurisdiction out of term: Provided, that in all matters and proceedings not requiring the intervention of a jury or in which trial by jury has been waived, the resident judge of the judicial district and any special superior court judge residing in the district shall have concurrent jurisdiction with the judge holding the courts of the district and the resident judge and any special superior court judge residing in the district in the exercise of such concurrent jurisdiction may hear and pass upon such matters and proceedings in vacation, out of term or in term time: . . . ."

As pointed out in 23 N.C.L.R. 329, 330, the 1945 Legislature added the proviso in the above excerpt in consequence of the suggestion of Barnhill, J., later C. J., in his dissent in *Distributing Corporation v. Indemnity Co.*, 224 N.C. 370, 30 S.E. 2d 377 (1944). At that time, in the opinion of Justice Barnhill, a resident judge had no jurisdiction at chambers to hear a cause upon an agreed statement of facts. G.S. 7-65 then consisted only of the two sentences (minus the reference to special judges) preceding the proviso. Said Justice Barnhill:

> "It confers concurrent jurisdiction on the resident judge only in those matters in which the Superior Court has jurisdiction 'out of term.' Actions pending on the civil issue docket are not included. Hence, the resident judge has no jurisdiction, and the judgment is without force in law. . .
>
> "No doubt legislation giving the resident judge concurrent jurisdiction in all matters not requiring intervention of a jury or in which trial by jury has been waived would promote the prompt administration of justice and would be welcomed by the

profession. So far, however, the General Assembly has failed to take that course."

Since the 1945 and 1951 amendments to G.S. 7-65, this Court has held that a regular judge has jurisdiction to hear and determine in chambers an action involving title to a bank account in which the answer raised no issues of fact, *Westcott v. Bank,* 227 N.C. 39, 40 S.E. 2d 461; that a special judge in the county of his residence has jurisdiction to hear and determine a demurrer in chambers, *Parker v. Underwood,* 239 N.C. 308, 79 S.E. 2d 765, and to hear and determine a controversy without action, *Spaugh v. Charlotte,* 239 N.C. 149, 79 S.E. 2d 748.

In all matters not requiring a jury, or in which a jury trial has been waived, the resident judge and any special judge residing in the district now not only have concurrent jurisdiction with the judge holding the courts of the district, but they may pass upon such matters in vacation, out of term or in term time.

G.S. 7-65 conferred upon Resident Judge Johnston jurisdiction to hear the plaintiff's motion for a voluntary nonsuit. He allowed the motion as a matter of right but refused to dismiss the action, presumably so that defendant might pursue her motion to amend her answer in order to assert an action against the plaintiff for alimony without divorce. Two questions now arise: (1) Was plaintiff entitled to take a voluntary nonsuit in his divorce action as a matter or right after notice that defendant intended to file a cross action for alimony without divorce but before it was actually filed; and (2) if so, the nonsuit having been entered, may defendant now amend her answer to assert such cross action?

The rule with reference to the right of a plaintiff to take a nonsuit is stated in McIntosh, North Carolina Practice and Procedure, (2d ed) Section 1645:

"While the plaintiff may generally elect to enter a nonsuit, 'to pay the costs and walk out of court,' in any case in which only his cause of action is to be determined, . . . he is not allowed to do so when the defendant has set up some ground for affirmative relief or some right or advantage of the defendant has supervened, which he has the right to have settled and concluded in the action. If the defendant sets up a counter claim arising out of the same transaction alleged in the plaintiff's complaint, the plaintiff cannot take a nonsuit without the consent of the defendant; but if it is an independent counterclaim, the plaintiff may elect

to be nonsuited and allow the defendant to proceed with his claim."

*McKesson v. Mendenhall,* 64 N.C. 502; *Caldwell v. Caldwell, supra; Light Co. v. Manufacturing Co.,* 209 N.C. 560, 184 S.E. 48; *Sink v. Hire,* 210 N.C. 402, 186 S.E. 494.

The defendant concedes this to be the general rule, but she contends that in an action for divorce a plaintiff's motion for voluntary nonsuit is addressed to the sound discretion of the court.

This is the rule in some jurisdictions. 17 Am. Jur., Divorce and Separation, Section 378; Annotation, Divorce — Voluntary Dismissal, 138 A.L.R. 1100. Both these authorities, as well as McIntosh, North Carolina Practice and Procedure (1st ed. Section 626, 2d ed. Section 1645), include North Carolina in these jurisdictions on the basis of the dicta contained in *Caldwell v. Caldwell, supra.* Defendant relies upon this case. Caldwell was an action instituted by the husband for an absolute divorce. As in the instant case, the defendant by answer denied the allegations of the complaint, asked for no affirmative relief, but applied for alimony *pendente lite* which was allowed. About seven months later the clerk, upon plaintiff's motion, entered an order of voluntary nonsuit. On appeal to the Superior Court in term, the judge reversed the order of the clerk upon findings that the judgment was entered without notice and while plaintiff was in arrears in the payment of the sums ordered by the judge. He found, however, that plaintiff had tendered the amounts due to the defendant. Plaintiff appealed. He contended that he had the right to take a voluntary nonsuit, the defendant having set up no counterclaim in her answer.

The Court, noting that defendant's answer alleged no facts entitling her to affirmative relief and that she had prayed for none, said:

"Upon plaintiff's motion, a judgment dismissing the action upon voluntary nonsuit was, therefore, proper unless the principle stated in *McKesson v. Mendenhall* (64 N.C. 502) does not apply to an action for divorce.

"The question as to whether the plaintiff in an action for divorce is entitled as a matter of right to a judgment dismissing the action upon voluntary nonsuit does not seem to have been heretofore presented to this Court. . .

"The better rule seems to be that a motion by the plaintiff for judgment dismissing his action for divorce upon a voluntary nonsuit will not be allowed by the court as a matter of right, but is addressed to the sound discretion of the court, which will be

Scott *v.* Scott.

exercised in the interest not only of plaintiff, but of defendant and the State. . .

"There was no error in the entry of judgment of nonsuit without notice to defendant. This judgment could be entered at any time by the clerk upon motion."

Having said this, the Court reversed the action of the judge and affirmed the judgment of the clerk. Thus, it appears that in affirming the clerk and reversing the judge, this Court applied the rule of *McKesson v. Mendenhall* to actions for divorce and did not adopt the rule of discretion. Otherwise, having reversed the judge for errors of law, it would have remanded the case to the Superior Court for reconsideration and the exercise of judicial discretion since this Court could not exercise it. *Capps v. Lynch*, 253 N.C. 18, 116 S.E. 2d 137. In the long view, we do not perceive that public policy requires that divorce actions be excepted from the general rule with reference to nonsuits. We hold that plaintiff was entitled to his motion for nonsuit as a matter of right.

G.S. 50-16 specifically authorizes the wife to assert a cause of action for alimony without divorce as a cross action in the husband's suit for divorce. Had defendant done this prior to plaintiff's motion for nonsuit, his failure thereafter to prosecute his own action could not have affected her own. Not having done so, when the judgment of nonsuit was signed, the action terminated. There is now no action pending in which defendant may assert her cross action.

In *Carpenter v. Hanes*, 167 N.C. 551, 83 S.E. 577, plaintiffs sued for a balance due on an alleged contract. The defendants denied the contract and set up three counterclaims. Plaintiffs demurred to the three and asked to be allowed to take a nonsuit. The Superior Court sustained two of the demurrers, overruled the third, and refused plaintiffs leave to take a nonsuit. On appeal this Court said: "The court should have sustained the demurrer throughout and then permitted the plaintiff to take the nonsuit, and this judgment will be entered in the court below, without permitting any amendment, as plaintiff had already asked for the nonsuit, and cannot now be deprived of it by any change in the answer. *He cannot be called back after once 'he has asked to depart and is entitled, at the time, to do so.*" (Emphasis added.)

For the reasons stated the case is remanded for a judgment dismissing the action.

Error and remanded.